## Evans & Son v. Thurston.

1. **Execution:** CONSTABLE: SICKNESS, A constable, who is unable by reason of sickness to take charge of and sell property upon which he has levied, may relieve himself from liability by turning over the property and execution to another constable of his township; the latter may demand indemnity whenever the original officer might have done so, and when properly indemnified cannot refuse to receive the property and execute the writ.

2. ————: INDEMNITY: RELEASE OF PROPERTY BY OFFICER. Where an officer is indemnified for the seizure of property under an execution, he cannot relieve himself from liability for a failure to subject it to the execution by showing that it was not in fact the property of the execution defendant.

*Appeal from Jones District Court.*

THURSDAY, MARCH 18.

ACTION against the defendant as constable, upon his official bond, for failure to hold and subject to sale certain personal property which had been seized by him upon execution. The evidence tended to establish the following facts: After the levy the defendant was taken sick, and by reason of his sickness he turned the property levied on over to one Noacheck, another constable of the same township, who received it, but immediately afterward returned it to the defendant. The defendant then notified the plaintiffs that he was not able to have charge of the property by reason of his sickness; that he turned it over to Noacheck, but that it had been returned to him, and that the plaintiffs must take possession. The plaintiffs refused to do anything to relieve the defendant of it, and it was finally taken by one Mary Davis, who claimed to be the owner of it. The answer set up the defendant's sickness and inability, and his action in regard to the property, and averred that the execution defendant was not the owner of it. Upon the trial there was evidence tending to show that Mary Davis was the owner of it. Other facts are

stated in the opinion. There was a trial by jury, verdict and judgment for defendant. Plaintiffs appeal.

*E. Keeler*, for appellants.

*Wing & Ficke*, for appellees.

ADAMS, CH. J.—I. The court instructed the jury to the effect that if the defendant after the levy and seizure of the property was taken sick, and by reason of his inability from sickness was unable to take charge of the property, and turned it over with the execution to another constable of his township, and notified the plaintiffs of his sickness before the property was lost, and requested them to take charge of it, and they refused and neglected to do so, and the defendant used all the means in his power to preserve the property, he was not liable for its loss. The giving of this instruction is assigned as error.

1. EXECUTION: constable: inability from sickness to act.

The appellant maintains that there is no law by which a constable who has seized property upon execution can in case of sickness and disability relieve himself of it by turning it over to another constable. The argument is that if the law should allow the constable who has made the levy to thus relieve himself, it would follow that it would be the duty of the constable to whom the property should be tendered to receive it. But it is said that this would be unjust to the constable receiving the property, because he would have no means of indemnity.

It appears to us that if the original officer was entitled to indemnity, the receiving officer might properly demand indemnity, and if indemnified that he could not properly refuse to receive the property and execute the writ. At any rate a constable who becomes incapable of discharging his duties by reason of sickness must be allowed to relieve himself in some way of responsibility. It is held, it is true, in *Fredenstein v. McNier*, 81 Ill., 208, that a sheriff cannot be relieved of responsibility by reason of sickness; but this is because he

may and should have a deputy competent to discharge the duties of the office. In the same case it is intimated that a constable may in case of disability by sickness be relieved by turning over the property which he has seized to another constable of the same township. It appears to us that this is the correct rule, and we see no error in the instruction.

II. The court instructed the jury to the effect that the fact that the property was levied upon as the property of the execution defendant was only *prima facie* evidence that it was his property; that if it belonged to some other person it was competent for the defendant to set up such fact, and that if he proved it the plaintiffs could not recover. The giving of this instruction is assigned as error.

2. ——; indemnity: release of property by officer.

The defendant demanded and received an indemnifying bond. The statute provides that where the officer who has seized property is indemnified, he shall proceed to subject it to the execution. Code, § 3056. The question is whether his duty in this respect is so far imperative that he cannot escape liability for failure if the property did not belong to the execution defendant, and such fact is averred and shown. In *Lummis v. Kasson*, 43 Barb., 373, it was held that the effect of indemnifying the officer was merely to impose upon him the responsibility of proving the property out of the execution defendant. Several cases are cited in support of the decision. But that case turned largely upon the construction of statutes, and is not strictly applicable to the case at bar. In *Wadsworth v. Walliker*, 45 Iowa, 395, it was held that where a sheriff had seized property upon a writ of attachment and had been indemnified for the seizure, and afterward released the property, he might escape liability by showing the property out of the debtor. This case would seem to be decisive of the question before us if no distinction should be made between the case of a seizure of property under a writ of attachment, and the case of a seizure of property under an execution. That a distinction should be made is intimated

in the opinion of Mr. Justice DAY, who in speaking of the indemnifying bond in that case, says: "There is no statutory provision as to this bond, that the officer must hold the property at all events, and that the claimant or purchaser of the property shall be barred of an action against him." Now, while the provision in respect to the bar has been held unconstitutional, *Foule & Roper v. Mann, ante,* 42, it appears to us that the distinction intimated as existing may be made upon other grounds. The provision in regard to the officer's duty, where he is indemnified, is in its terms, as we have seen from the section above cited, imperative; much importance is to be attached to this fact. In addition it is to be observed that a right of action is given to the claimant upon the indemnifying bond. If the officer were allowed to escape liability for a release by showing the property out of the debtor, the creditor might lose his debt and become liable to pay the full value of the property in addition. This would not be so, of course, if the property was released to the rightful claimant. But if it were released to a wrongful claimant, no adjudication in the officer's favor, in an action against him for a release, would bar the rightful claimant in an action by him against the execution creditor. As, then, the execution creditor, where he has given an indemnifying bond, becomes and remains liable to the rightful claimant, whoever he may be, he may with much reason claim the full benefit of the levy; and we think that the statute designs to give it, irrespective of the ownership of the property, unless the property is taken from the officer upon legal process as it may be under *Foule & Roper v. Mann,* above cited.

In giving the instruction in question we think that the court erred.

REVERSED.