[Civ. No. 2481. First Appellate District, Division One.—December 30, 1918.]

EASTERN OUTFITTING CO., INC., Respondent, v. W. A. MYERS et al., Defendants; S. L. GOLDSTEIN, Appellant.

PLEADING—FICTITIOUS NAME OF DEFENDANT—WAIVER BY ANSWER.—A defendant, sued by a fictitious name, waives the right to insist on the filing of an amended complaint by answering in his proper name.

CONDITIONAL SALE OR LEASE OF PERSONAL PROPERTY.—In this action in claim and delivery for certain property whether the goods were leased by the defendant from the plaintiff or were purchased conditionally, the title remained in the plaintiff, who, upon default by the defendant in making any payment provided for became entitled to a return of the property, whoever might have possession of it.

CLAIM AND DELIVERY — POSSESSION BY TENANT — RIGHT OF ACTION AGAINST LANDLORD.—An action in claim and delivery will lie against a landlord for property in the possession of his tenant where the landlord resists the delivery of the property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman for Appellant.

Wm. Tomsky for Respondent.

BEASLY, J., *pro tem.*—This is an action in claim and delivery for certain furniture. The case was tried under an agreed statement of facts and judgment given against the three defendants, Myers, Goldstein, and Gray, for a return of the property or for the alternative sum of $750 in case delivery could not be made. Gray and Goldstein were sued by fictitious names under apt allegations in the complaint. The court made an order requiring an amendment of the complaint substituting other names for the fictitious names. The complaint seems not to have been formally amended, but Gray and Goldstein both answered and in their answers each recited that he was sued by a fictitious name. Counsel for Goldstein, who alone appeals, now claims that the judgment is invalid as to him because of the failure to file the formal amendment substituting his name for that of Doe. Manifestly, by answering in his proper name, he has waived the amendment, and besides, the agreed statement of facts which, under our practice constitutes the findings, showed that Goldstein was the owner of the Altoona Hotel property, including the furniture, and that Myers was the lessee in possession of the hotel. Myers, while the tenant of Goldstein, bought the furniture from the plaintiff for the purpose of replacing and renewing articles of furniture in the hotel. Myers' lease bound him to keep the furniture in good and sound condition, and, according to the findings, it was further covenanted and agreed in the lease that all alterations, additions, and improvements which might be added to or placed in the leased premises should be the property of Goldstein and should be surrendered to him with the premises.

Myers' lease was terminated on the first day of March, 1917, and the property was thereupon let by Goldstein to Gray, who, on March 1, 1917, took possession of the hotel and of the property sought to be recovered by this action. Gray had no notice or knowledge that plaintiff claimed the property, and took the property in good faith and for a valuable considera-

tion, and is now in possession of the property as the tenant of Goldstein. Before this action was begun the plaintiff demanded the property from the defendants and delivery was refused.

The character of the transaction between Myers and the plaintiff at the time Myers acquired the property is the vital question in this case. A part of the agreed statement of facts consists of certain memoranda, or printed or written documents signed by Myers and apparently executed by him to the plaintiff at the time of the acquisition of the furniture. These are in the form of printed receipts, many blanks upon which are not filled. They recite, among other things, that "the undersigned lessee acknowledges to have received on lease from the Eastern Outfitting Company, denominated the lessor, the furniture described in the complaint. There are several of these interesting memoranda, and in two instances, they are varied by language other than that above quoted, which characterizes the transaction. For instance, in one dated July 8, 1916, it was recited that Myers "has this day leased of Eastern Outfitting Company the following goods": and that "all payments therefor are to be made at said Eastern Outfitting Company's office," and the document further reads: "Should I fail to make any of the payments as specified, I hereby agree to surrender and return said goods to the Eastern Outfitting Company in as good condition as when received, customary wear by careful usage excepted. And I further agree . . . that no agreement of sale of said goods is implied, nor shall a sale of same be deemed valid without a written receipt from said Eastern Outfitting Company therefor." There are also agreements to keep the goods insured against fire and to pay such insurance, in case of loss, to the Eastern Outfitting Company, who is again denominated the lessor, and to pay one hundred dollars down, and fifty dollars per month rental thereafter "until total is paid."

Reading these papers all together, they must be held to either constitute a conditional sale of the goods to the defendant, Myers, or a lease thereof to him; and it seems to us that it is not necessary to decide whether the goods were taken under a lease or were purchased conditionally. For in either instance the title remained in the plaintiff and upon default by Myers the plaintiff became entitled, upon demand,

to a return of the property, whosoever might have possession of it.

Goldstein, who alone appeals, contends that he was not in possession of the property. But his tenant, Gray, was in possession and it seems to us that possession by his tenant was sufficient to sustain the judgment against him, where he is resisting the delivery of the property.

Judgment is affirmed.

Lennon, P. J., concurred.

STURTEVANT, J., *pro tem.*, Dissenting.—This is an action in claim and delivery for certain furniture. The case was tried under an agreed statement of facts and judgment given against the three defendants, Myers, Goldstein, and Gray, for a return of the property, or for the alternative sum of $750 in case delivery could not be made. Myers, while the tenant of Goldstein, bought the furniture from the plaintiff for the purpose of replacing and renewing articles of furniture in the hotel. Myers' lease bound him to keep the furniture in good and sound condition, and, according to the findings, it was further covenanted and agreed in the lease that all alterations, additions, and improvements which might be added to or placed in the leased premises should be the property of Goldstein and should be surrendered to him with the premises.

Myers' lease was terminated on the first day of March, 1917, and the property was thereupon let by Goldstein to Gray, who, on March 1, 1917, took possession of the hotel and of the property sought to be recovered by this action. Gray had no notice or knowledge that plaintiff claimed the property, and took the property in good faith and for a valuable consideration, and is now in possession of the property as the tenant of Goldstein. Before this action was begun the plaintiff demanded the property from the defendants and delivery was refused.

The character of the transaction between Myers and the plaintiff at the time Myers acquired the property is the vital question in this case. The plaintiff claims as lessor. Its claim in this behalf is founded on nine written instruments. Two of those instruments purport to be forms of leases, and

seven of them purport to be forms of supplemental leases. Each purported lease consists of a printed blank, having inserted thereon in the appropriate blanks the description of the article, the price, and the quantity. Each lease contains many blanks not filled out; and neither one of the purported leases is signed by either the lessor or the lessee; neither one of these purported leases is a contract. (*Barber* 'v. *Burrows,* 51 Cal. 404; *Las Palmas Winery & Distillery* v. *Garrett,* 167 Cal. 397, [139 Pac. 1077].) The papers purporting to be supplemental leases were signed by both parties. Each paper purporting to be a supplemental lease contains the statement: "This lease is supplemental to a lease dated . . . "; the blank is not filled and the paper does not refer to either of the papers which purport to be leases. The purported supplemental leases do not, therefore, include the purported leases and give efficacy to the purported leases, because of the absolute want of reference thereto. The reference to the purported lease being in blank, the reference is a nullity. The record shows there were at least two purported leases and there may have been more. The record contains nothing showing any fact or circumstance pointing to the particular date intended to be inserted in the blanks above mentioned. The purported supplemental lease is not in and of itself a lease. It contains no covenants whatever on the part of the lessor. Each one of the purported supplemental leases is in different language, but each one contains blanks not filled. No term is stated in any one of them. The monthly payments are not stated in any one of them. The total payments are not stated in any one of them. In short, they are nothing but receipts in which the lessee acknowledges himself to be lessee, whereas, in truth and in fact, the papers show that he is not lessee.

When the defendant Myers surrendered the Altoona Hotel to the defendant, Goldstein, these articles were contained in the hotel and were at that time in Myers' possession, and he was exercising acts of ownership over them. Under these facts he was presumed to be the owner. (Code Civ. Proc., sec. 1963, subds. 11, 12, 20); *Bickerdike* v. *State,* 144 Cal. 698, 701, [78 Pac. 270].) The unexecuted lease and the purported supplemental leases do not contain any evidence overcoming such presumption. On the facts as contained in the agreed statement of facts the plaintiff was not entitled to recover. In my

opinion the judgment in favor of plaintiff should, therefore, be reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1919.

All the Justices concurred.