[Civ. No. 4093. First Appellate District, Division One.—July 1, 1922.]

## VERNE W. TAYLOR, Respondent, v. J. H. BERNHEIM et al., Appellants.

[1] CLAIM AND DELIVERY — OWNERSHIP OF ATTACHED AUTOMOBILE — FINDING—EVIDENCE.—In this action to recover an attached automobile, the finding that the plaintiff was the owner and not the son of the plaintiff, as claimed by the defendants, is supported by the evidence.

[2] MOTOR VEHICLE LAW—TRANSFER OF LICENSE—TIME.—The provision of the Motor Vehicle Act that until the transferee of an automobile has received a certificate of registration and has written his name upon the face thereof, delivery of said automobile shall be deemed not to have been made and title thereto shall be deemed not to have been passed, and said intended transfer shall be deemed to be incomplete and not to be valid for any purpose, is not available to the defendants in such action, where the certificate of transfer was issued to and signed by the plaintiff almost two months prior to the commencement of the action, although the license was not transferred until several weeks after the purchase.

[3] CLAIM AND DELIVERY—PLEADING—PARTIES—ATTACHING CREDITOR— JOINDER WITH SHERIFF.—An attaching creditor may be joined as a defendant with an attaching officer in replevin, and the former is liable for the damages sustained by the detention, since the sheriff is merely the agent of the creditor and has no interest in the matter other than as an officer.

[4] ID.—EVIDENCE—HEARSAY DECLARATIONS.—In such action, declarations claimed to have been made by the son of the plaintiff to a third party out of the presence of the plaintiff concerning the trading of an automobile belonging to the son for the car in question were properly stricken out as hearsay.

[5] ID.—MEASURE OF DAMAGES.—In such action, the measure of damages was the reasonable value of the car for the period during which plaintiff was deprived of its use.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

4. Admissibility of declarations as to ownership by one in possession of personal property, note, 49 L. R. A. (N. S.) 700.

Brownstone & Goodman for Appellants.

Wm. M. Stafford for Respondent.

KNIGHT, J., *pro tem.*—In this action judgment was rendered in favor of plaintiff Verne W. Taylor for the possession of an automobile, or for the sum of $1,000, the value thereof, in the event possession could not be had, and for the further sum of $400 damages against the defendant J. H. Bernheim, for the wrongful detention of said automobile. The defendant Bernheim has appealed.

There are two persons named Taylor involved in this transaction; the plaintiff, Verne W. Taylor, and his son, Verne J. Taylor, and for convenience they will be hereinafter respectively referred to as Taylor, Sr., and Taylor, Jr.

On October 21, 1920, the defendant Bernheim commenced suit against Taylor, Jr., to collect an indebtedness of $1,850, and a writ of attachment was issued and placed in the hands of the defendant Thomas F. Finn, as sheriff, for service. The latter levied the writ upon the automobile in question, which at the time was stored in the name of Taylor, Jr., in a public garage, on Geary Street, in San Francisco. The next day Taylor, Sr., claiming to be the owner of said automobile, presented to and filed with said sheriff a verified third party claim, in the form required by section 689 of the Code of Civil Procedure. The sheriff thereupon, pursuant to said code section, exacted from Bernheim a bond indemnifying him against the claim of ownership asserted by Taylor, Sr. The possession of said automobile was thereafter retained by the sheriff, by virtue of said attachment, and on November 30, 1920, Taylor, Sr., commenced this action, to recover said machine, or its value, and damages for its detention. The main issue before the trial court was the one of the ownership of said automobile, that is, whether it belonged to Taylor, Sr., or to his son, Taylor, Jr.

According to the evidence, Taylor, Sr., who was a traveling salesman, was in need of an automobile for use in his business. On account of his absence from San Francisco he was unable to purchase one personally, and he told his son that if the latter found a suitable machine, to buy it.

A few days prior to July 20, 1920, Leon Leboire, the former owner of the car in question, advertised it for sale, and in answer to that advertisement, Taylor, Jr., called upon him for the purpose of examining said car. After some negotiations they came to terms and Taylor, Jr., so reported to his father. The latter thereupon gave his son $1,400 with which to buy the car, of which $800 was in cash and the balance consisted of a check for $600. That check was produced at the trial. Taylor, Jr., deposited the check in his personal account in the bank, and on July 26, 1920, purchased the car, by delivering to Leboire a certified check, drawn by himself on his personal account for $1,400. At the request of Taylor, Jr., the bill of sale for the car was made out by Leboire to Taylor, Sr. The car was delivered to Taylor, Jr., and remained in his possession, and was used by him substantially all of the time until it was attached on October 21, 1920. During that period Taylor, Sr., only drove the car on two or three occasions and then around San Francisco and at one time drove it on a hunting trip with his son for a period of about fifteen days. The automobile license certificate accompanying the car was transferred direct from Leboire to Taylor, Sr., but the transfer was not completed until October 8, 1920.

Upon substantially the foregoing evidence the trial court found that Taylor, Sr., was the owner of said automobile. There are, of course, other circumstances shown by the record, which appellant urged before the trial court, in support of his theory that Taylor, Jr., was the owner of the car in question. But, at best, those circumstances merely raise a conflict, and we therefore deem it unnecessary to relate them here.

[1] Appellant now attacks the finding of ownership upon the ground that it is not supported by the evidence. It is obvious, however, we think, that inasmuch as the trial court placed faith in the credibility of the Taylors, as witnesses, and believed their testimony, their evidence is sufficient in law to support the court's finding. It shows that while Taylor, Sr., did not personally make the purchase, nevertheless the car was purchased at his request and with his money, and he became the owner thereof. The use of the car by Taylor, Jr., as shown by the evidence,

with the consent of his father, tended in no way to destroy the title of Taylor, Sr. If Taylor, Jr., had acquired ownership of the car in the first place, and thereafter transferred the title to his father, then the use of the car thereafter by Taylor, Jr., in the manner and to the extent shown by the evidence, would present a different situation and would have been sufficient to invoke the provisions of section 3440 of the Civil Code concerning fraudulent transfers. But that is not this case. Here, the title to the car never did vest in Taylor, Jr., and, as above stated, title could not vest in him merely by allowing him to drive the car with the permission of the rightful owner.

[2] On this question of plaintiff's ownership and his consequent legal right to maintain the action, appellant has sought the aid of the Motor Vehicle Act of California, upon the ground that the automobile license was not legally transferred to Taylor, Sr., for nearly three months after the purchase. In this respect said Motor Vehicle Act provides that until the transferee of an automobile has received a certificate of registration and has written his name upon the face thereof, delivery of said automobile shall be deemed not to have been made and title thereto shall be deemed not to have been passed and said intended transfer shall be deemed to be incomplete and not to be valid for any purpose.

We are of the opinion that this point is not available to appellant for the reason that, while said license was not transferred for several weeks after the purchase, the required certificate of transfer was issued to and signed by plaintiff on October 8, 1920, almost two months prior to the commencement of this action. Plaintiff's title was, therefore, complete, so far as the motor vehicle law was concerned, at the time of the commencement of this action. In the case of *Boles* v. *Stiles*, 35 Cal. App. Dec. 721 [see, also, 188 Cal. 304, 204 Pac. 848], relied upon by appellant, the required certificate was neither issued by the motor vehicle department nor signed by the new owner at the time of the commencement of the action. The case is, therefore, not in point.

[3] Appellant further contends that there is no evidence to sustain the judgment against Bernheim for the recovery of the car or for damages, for the reason that it

was the sheriff and not Bernheim who seized the car and detained it from the possession of plaintiff.

We are of the opinion that the point is without merit. It may be conceded that it is the general rule that an action of claim and delivery will lie only against the persons who have the possession of the property in dispute at the time of its commencement. (*Richards* v. *Morley,* 133 Cal. 437 [65 Pac. 886]; *Home Payment Jewelry Co.* v. *Smith,* 24 Cal. App. 488 [141 Pac. 933].) But the term "possession," as used in this class of cases, has been construed to mean either actual or constructive. (34 Cyc. 1396–1400; *Eastern Outfitting Co.* v. *Myers,* 39 Cal. App. 316 [180 Pac. 669].) And if it be shown that the property sought to be recovered is under the control of a person, or if it be shown that it is within the power of such person to deliver the property, such person is liable, although the property be not in his actual physical possession. This latter rule is recognized in *Richards* v. *Morley, supra,* cited and is relied upon by appellant. It is there said: "But the findings show that the property sought to be recovered was not in the possession of the defendant when the action was commenced, *nor within his power to deliver,* and therefore said findings would not have sustained a judgment in favor of plaintiffs for the delivery. . . . " (Italics are ours.)

In the instant case the evidence shows that the sheriff was acting merely as the agent of appellant, and had no interest in the matter other than as an officer, and that he was holding the property subject to the direction of appellant. Under the provisions of said section 689 of the Code of Civil Procedure he was not bound to hold the property in the face of the third party claim, unless Bernheim as the attaching creditor furnished an indemnifying bond, which he did. Thereafter it was always within the power of appellant to cause the release of the property, if he cared to do so, by giving the sheriff instructions to that effect. It must therefore be held that appellant was in the ostensible and actual control of the property and consequently is liable for any damages resulting from its unlawful detention.

That the attaching creditor may be joined as a defendant with the attaching officer, in replevin, is not without pre-

cedent, for in the earlier decisions of the New York courts such was held to be the law. In *Knapp* v. *Smith et al.,* 27 N. Y. 277, it was said: ''A point is made that the defendant Smith, who directed Moore, the constable, to make the levy, is not responsible, in this form of action, because, as it is argued, he never had the property in his possession. That precise question was decided against defendant's position in *Allen* v. *Crary,* 10 Wend. (N. Y.) 349. The defendant in that case had done nothing but to direct the sheriff to levy upon the property replevined, under an execution against a person who was not the owner, and a levy was made accordingly. The court held that this was a sufficient taking to enable the owner to bring replevin. . . . We therefore follow the case of *Allen* v. *Crary,* and hold that the action was properly brought against both defendants.''

Under the rules above stated, we are of the opinion that the evidence fully justified the rendition of the judgment against the appellant.

[4] Appellant complains of the ruling of the trial court striking out, as hearsay, on motion of plaintiff, certain declarations claimed to have been made by Taylor, Jr., to one Samuels out of the presence of plaintiff, concerning the trading of an automobile belonging to Taylor, Jr., for the car in question.

We are satisfied that the ruling of the trial court was correct. The declarations were not admissible under the theory that a fraudulent conspiracy existed between the two Taylors, as contended by appellant, for the reason that before declarations of one conspirator may be competent evidence against his confederate, there must be independent proof tending to establish the conspiracy, and such conspiracy itself cannot be proved as to either of the alleged co-conspirators by the evidence of the declarations of the other. (*Barkley* v. *Copeland,* 86 Cal. 483 [25 Pac. 1, 405].) There was no such independent proof here.

Neither were the declarations admissible under the theory of agency, for the reason that the agency of Taylor, Jr., ended with the consummation of the purchase of the car, and these declarations were claimed to have been made some time thereafter. Declarations of an agent, with respect to a transaction, made after the completion of the transac-

tion, are not provable against the principal. Such statements are merely hearsay, and, like those of any other person, cannot affect the principal. (1 Ruling Case Law, p. 510.) In this respect it is said: "A rule that would allow an agent, after a transaction is closed, to admit away the rights of his principal, would be too dangerous to be tolerated."

It cannot be successfully contended that the declarations were offered as contradictory statements or for the purpose of impeachment, because the record plainly shows otherwise. The declarations were offered as affirmative proof, the witness who testified to them being called out of order, prior to the time that Taylor, Jr., became a witness in the case.

[5] The final contention of appellant is that there is no legal evidence in the record upon which the award of damages may be based. We are unable to sustain this contention. The measure of plaintiff's damages was the reasonable rental value of the car for the period during which plaintiff was deprived of its use. (*Tucker* v. *Haggerty,* 37 Cal. App. 789 [174 Pac. 908].) The testimony of Taylor, Sr., shows that owing to the fact that he was deprived of the use of his own automobile, he was required to hire another one for over three months, for which he was obliged to pay a rental of $60 per week. From the description given in the testimony of the car in question, the court may well have inferred that the rental value of such a car would not be less than the one rented. Therefore, the amount of damages awarded plaintiff was well within the limit of the rule. True, plaintiff was allowed to testify over appellant's objection as to the amount of financial loss suffered by him in his business by reason of being deprived of said automobile, but there is not the slightest indication in the record that the court used the amount of such losses or any part thereof as the basis for fixing the award of damages.

It follows that the admission of such evidence, if error, was harmless.

We are of the opinion that no error has been shown, and therefore the judgment is affirmed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.