[Civ. No. 881. Fourth Appellate District.—October 15, 1931.]

A. CORY, Respondent, v. ED. F. COOPER, Appellant.

Liggett & Liggett for Appellant.

Rorick & Cottingham and D. L. Ault for Respondent.

Everett W. Mattoon, County Counsel, and S. V. Pritchard, Deputy County Counsel, *Amici Curiae*.

BARNARD, P. J.—The defendant herein is sheriff of the county of San Diego. During the year 1930 a good and valid writ of attachment was issued out of the superior court of that county in an action then pending therein, and acting thereunder the said sheriff attached a certain Buick automobile. Thereupon this plaintiff filed with the sheriff a written verified third party claim, demanding that the property be released. The attaching creditor then furnished and filed with the sheriff a good and sufficient undertaking in accordance with the terms of section 689 of the Code of Civil Procedure, and demanded that he continue to hold the automobile under the attachment. Subsequently the third party claimant brought this action against the sheriff, alleging an unlawful conversion of the property, and praying for damages. Judgment was entered for the plaintiff and the defendant has appealed upon the judgment-roll alone.

The principal question here involved is thus stated by the appellant: "Is a sheriff, who has demanded and received indemnifying bond provided for by section 689, Code of Civil Procedure, personally liable to the third party claimant who can successfully establish his title to the attached property?" In support of the judgment the respondent makes three contentions, as follows: 1. That since no evidence is before this court, a finding that the appellant unlawfully took and converted the property to his own use is controlling over all other considerations. 2. That the 1929 amendment to section 689 of the Code of Civil Procedure (Stats. 1929, p. 661) added a cumulative protection to a third party claimant but did not relieve a sheriff from any liability theretofore existing. 3. That if the amendment referred to be interpreted as relieving a sheriff from liability, it is unconstitutional, in that it deprives a person of his property without due process of law.

 Paragraph III of the complaint alleges that on or about the twelfth day of March, 1930, the defendant unlawfully took and carried away said property and converted and disposed of the same to his own use, to the damage of the plaintiff in an amount named. The court found that the allegations contained in paragraph III of the complaint were true, except that it found that damage was suffered

in a different amount. It is neither alleged in the complaint nor found by the court that the sheriff took the automobile from the possession of the plaintiff. The conversion alleged in the complaint is predicated entirely upon a demand in writing for the immediate release and surrender of the automobile and the refusal on the part of the sheriff to deliver the same to the plaintiff. The court expressly found that this appellant was at all times mentioned the duly qualified and acting sheriff of the county of San Diego; that all of his acts in connection with the Buick automobile mentioned in plaintiff's complaint were done by him in his official capacity as sheriff, and under a good and valid writ of attachment issued out of a court of general jurisdiction; and that all of his said acts were done by him under cover of his office, and in compliance with the writ of attachment. The court also found that upon the filing of the third party claim by this respondent, claiming said automobile as his own property, the attaching creditor in the other action filed with this appellant a good and sufficient undertaking in indemnity, or an indemnifying bond according to the terms of section 689 of the Code of Civil Procedure, and demanded of this appellant that he retain possession of said automobile and refrain from delivering the same to the said third party claimant. It thus appears that the appellant lawfully came into possession of the automobile in the first place, and that his refusal to surrender the automobile to the third party claimant after he had received an indemnifying bond for the benefit of that party, was something that he was compelled to do by reason of the provisions of section 689 of the Code of Civil Procedure. We think it sufficiently appears that the so-called finding that the appellant unlawfully converted the property to his own use is contradicted by the facts found, that it is in effect a conclusion of law drawn from the facts found, and that it is not conclusive upon this appeal merely because the evidence is not before us.

The most important question presented is whether or not, under the 1929 amendment to section 689 of the Code of Civil Procedure, a sheriff is liable for damages to a third party claimant when he has strictly complied with all of the provisions of that section, as amended. In other words, whether the effect of the 1929 amendment to that section is merely to give to such a third party claimant a cumulative

protection in addition to all remedies he theretofore had. Prior to the amendment in question, where a third party claim was made, a sheriff was not bound to keep the property attached unless he was indemnified against such third party claim by a sufficient undertaking. By plain inference, if he received such an undertaking he was bound to hold the property, and in case of becoming liable, had the protection of the bond furnished. As amended in 1929, the pertinent parts of this section (with the paragraphs numbered for convenience) read as follows:

1. "Indemnity where property claimed by third person. If the property levied on is claimed by a third person as his property by a written claim verified by his oath or that of his agent, setting out his right to the possession thereof, and served upon the sheriff, the sheriff must release the property if the plaintiff, or the person in whose favor the writ of execution runs, fails within five days after written demand, to give the sheriff an undertaking executed by at least two good and sufficient sureties in a sum equal to double the value of the property levied on. If such undertaking be given, the sheriff shall hold the property. The sheriff, however, shall not be liable for damages to any such third person for the taking or keeping of such property if no claim is filed by any such third party.

2. "Such undertaking shall be made in favor of, and shall indemnify such third person against loss, liability, damages, costs and counsel fees, by reason of such seizing, taking, withholding, or sale of such property by the sheriff.

3. "Exceptions to the sufficiency of the sureties and their justification may be had and taken in the same manner as upon an undertaking on attachment. If they, or others in their place, fail to justify at the time and place appointed, the sheriff must release the property; provided, however, that if no exception is taken, within five days after notice of receipt of the undertaking the third person shall be deemed to have waived any and all objections to the sufficiency of the sureties.

4. "The sheriff may demand and exact the undertaking herein provided for notwithstanding any defect, informality or insufficiency of the verified claim served upon him."

It will be observed both that the provisions of the former section are materially changed, and that new provisions are

added. The former provision that the sheriff is not bound to keep the property unless the real party in interest *indemnifies him* by an undertaking, is so changed in paragraph 1 as to require the sheriff to hold the property when he receives an undertaking, while the provision that this undertaking shall indemnify the sheriff is conspicuously left out, and paragraph 2 is added, specifically making the undertaking referred to in paragraph 1 an indemnity in favor of the third party claimant. And the added paragraphs 3 and 4 are entirely new. This section now provides that after a third party claim is made and an undertaking is given in accordance with the terms of the section, the sheriff must hold the property. On the other hand, the undertaking provided for is not one to indemnify the sheriff, but is one to indemnify the third party claimant for any damages caused by either the taking, the withholding, or the selling of the property. This is an important change in the statute, a doubt as to the meaning and effect of which has led to this controversy. The respondent claims that its only purpose and effect is to give to the third party an added protection, while the appellant claims that the meaning thereof is to give to such a third party the protection of the undertaking provided for, in lieu of any right of action against the sheriff for damages for conversion. This brings the language of the statute before us for interpretation. It is true, as contended by respondent, that a court may not by judicial construction substitute its idea of the intent of a statute when that intent is unmistakably expressed and when the statute is not ambiguous and not uncertain. It is also true if such uncertainty exists, a necessity for construction follows.

While it may be conceded that at common law a sheriff levied upon property at his peril, this rule has been more or less modified in nearly every state. It would appear that there is a modern tendency toward protecting such an officer and placing the responsibility for the acts which he is required to perform upon the real party in interest, in this case the attaching creditor. (*Arena* v. *Bank of Italy,* 194 Cal. 195 [228 Pac. 441]; *McCaffey Canning Co.* v. *Bank of America,* 108 Cal. App. 415 [294 Pac. 45].) Section 4 of the Code of Civil Procedure provides as follows:

"Rule of construction of this code. The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice."

There are a number of considerations, in respect to the amendment of this section, which seem to indicate an intention to relieve an officer from liability for damages for conversion, when an undertaking is secured in accordance with the terms of the section, and that it was not the intention of the legislature merely to give an additional security to a third party claimant. Had the latter been intended, the logical and natural thing would have been to have added a provision for such an additional bond in favor of such a claimant, without removing from the section the provision theretofore existing for an undertaking in favor of the sheriff. In view of the well-known situation that a sheriff acts in such a case only in pursuance of his duty, and that the real parties in interest are the attaching creditor and the third party claimant, it is hardly reasonable to hold that it was intended to compel the sheriff to act, to make him responsible, and at the same time to take away such security, by way of an undertaking, as he formerly had. That this was not the intent and that it is not the reasonable interpretation of the language used is indicated by the provision in the act itself that the new undertaking provided for shall not only be made in favor of the third party but that the same shall "indemnify" him against loss arising by reason of the seizing, of the withholding or of the sale of the property attached. The only loss claimed here arises by reason of the seizing and withholding of certain property. The provision that the undertaking furnished shall "indemnify" this respondent for such damage indicates that it is to cover any such damage, and that it is given him in lieu of any claim for damages against the sheriff. While the section, before it was amended, provided that the sheriff was not bound to hold the property unless he received an undertaking which was to protect him from the liability he was assuming, as amended the section makes no provision for any bond in his favor, although providing that he must

hold the property when a bond is given for the protection of the third party. It is thus made mandatory upon him to hold the property, while his former protection is removed, and at the same time a new protection is given to the third party. We think these respective portions of the act should be considered together and that, so taken, their meaning is that a third party claimant may not look to a sheriff who has in all respects complied with the statute, in so far as recovering damages for conversion is concerned. We are not here speaking of any other remedies that may be open to the third party. That it was intended to add to and not take away from the protection previously given a sheriff, and that, in so doing, it was intended to place the responsibility on the real party in interest and on sureties furnished by him, is further indicated by the provision that the sheriff may demand such an undertaking notwithstanding any defect or informality in the verified claim served upon him. If the sheriff is to remain liable when a perfectly good third party claim is made upon him, no reason appears for providing that he may exact something in case a defective or informal claim is made, which would be of no value or protection to him anyway. A statute should be so construed as to give effect to all of its provisions (Code Civ. Proc., sec. 1858). This provision plainly indicates an intention to extend to the sheriff, in case a questionable or informal third party claim is made, the same benefit given him by the statute, in case a good and sufficient claim is made. It seems to us to necessarily follow that this benefit is the very one we are here holding is given him by the amendment in question. To adopt the construction placed upon this statute by the respondent would compel the sheriff to perform an act for a party litigant involving great liability on his part, without any indemnity or protection. It is not only more reasonable to place this liability on the party interested, where it belongs, but, in our opinion, this has been done by the legislature in the amendment referred to.

The only point remaining to be considered is respondent's contention that the amendment we have been considering, if interpreted as relieving a sheriff from liability for damages for conversion, is unconstitutional, as depriving a third party claimant of his property without

due process of law. It will be observed that nothing in this act prevents a third party from bringing an action for the recovery of the property taken. (*McGaffey Canning Co.* v. *Bank of America, supra; Taylor* v. *Bernheim,* 58 Cal. App. 404 [209 Pac. 55].) The respondent did not, in this action, seek to recover the specific property taken, and his right to pursue such a course is not here involved. In effect he elected to seek damages for its conversion. Conceding that ''due process of law'' includes the right to sue for damages for conversion in such a case, it does not necessarily include the right to sue a particular person. If a third party desires to waive the right to go after the property itself, and sue for damages, not only does this statute give him additional security in that respect, but any change made is in the direction of holding the real party in interest. We see in this nothing to indicate that respondent is in any way deprived of due process of law. A number of remedies are open to such a third party, including an intervention in the original action, a suit to recover possession of the specific property, and a suit for damages based upon the undertaking secured to him by the provisions of the act itself. Appellant relies upon *Foule* v. *Mann,* 53 Iowa, 42 [3 N. W. 814], and *Evans* v. *Thurston,* 53 Iowa, 122 [4 N. W. 895], but these cases are so obviously not in point as not to require analysis here. So far as the point is raised in the case before us, we are of the opinion that the amendment in question, as here interpreted, is not unconstitutional.

We think that the court's purported finding that the appellant unlawfully converted a Buick automobile to his own use is a conclusion of law, and that upon the findings of fact made judgment should have been entered for the defendant and appellant.

For the reasons given the judgment is reversed, with directions to enter judgment for the defendant.

Marks, J., and Jennings, J., concurred.