[Civ. No. 9300. First Appellate District, Division Two.—March 16, 1934.]

A. H. CRAMPTON et al., Respondents, v. L. G. CLARK, Appellant.

Bernard Potter for Appellant.

R. D. McLaughlin for Respondents.

STURTEVANT, J.—From a judgment in favor of the plaintiffs the defendant has appealed.

On the second day of May, 1927, R. R. Horwitz, being the owner of certain land in Los Angeles County, and A. H. Crampton, being the owner of a rotary equipment for drilling oil wells, entered into an indenture of lease, by the terms of which Mr. Crampton leased to Mr. Horwitz his drilling equipment for the purpose of drilling a well on the premises so owned by Mr. Horwitz. The lease was dated May 2, 1927. Thereafter, on August 31, 1927, Mr. Horwitz assigned the lease to Dr. L. G. Clark, the defendant. Thereafter, on September 1, 1927, the defendant took possession

of the drilling equipment and operated it until about January 6, 1928. At that time the well had been sunk into oil-bearing strata. The drilling was stopped and pumping was commenced. Shortly thereafter, according to the testimony introduced by the plaintiffs, the latter made a demand that the drilling equipment be returned to them. That demand was repeated. The defendant having refused to release the equipment, on March 31, 1928, the plaintiffs forcibly took possession of the equipment. Thereafter two actions were commenced. The plaintiffs sued for the reasonable value of the use of the equipment from January 6, 1928, to March 31, 1928. The defendant interposed a counterclaim for damages based on the alleged refusal of the lessors to furnish all of the equipment called for in the lease. The other action was brought by the plaintiffs against the defendant for an alleged breach of an implied contract of rental. Both actions were tried at the same time. In the action last named judgment was rendered for the defendant. In the action first named judgment was rendered in favor of the plaintiffs on the cause of action pleaded by them and against the defendant on the counterclaim set up in the defendant's answer.

As to the allegations contained in the pleadings on which the first cause of action went to trial, the lower court made specific findings in which it found on each and all of the issues presented at the trial.

Finding number II was: "That on or about September 1, 1927, the defendant L. G. Clark took possession of certain rotary equipment then owned by the plaintiffs, and with the consent of the plaintiffs used the same in the drilling of an oil well on the premises described in said contract and described in the complaint, the drilling of which oil well was fully completed on or about January 6, 1928, on which last named date oil began to be produced from said well." The defendant contends that said finding as to when the drilling was completed is not supported by the evidence. In making this contention he is not supported by the record. There was direct evidence in support of the finding.

Finding number III was: "That on or about the 8th day of January, 1928, and at other times subsequent thereto, the plaintiffs demanded of the defendant, and caused demand to be made upon him, for the return of, and for the posses-

sion of, said rotary drilling equipment, but the defendant failed and refused to return the same, etc.'' The defendant asserts that the evidence shows conclusively that plaintiffs did not demand the return of the equipment. That assertion is likewise without merit. There was direct evidence in support of the finding. Under these circumstances neither finding may be disturbed by a court of review.

In the next point made by the defendant he states that: ''In paragraph I of plaintiffs' complaint there is set up an agreement of date August 31, 1927, upon which the plaintiffs pretend to rely, towit: An agreement to lease or rent to the defendant the equipment referred to in the complaint. The plaintiffs by their proof sought to recover on a common count; that is, the reasonable value of the use of the equipment.'' Neither statement is correct. The plaintiffs' cause of action was plainly an action for damages for the wrongful detention of personal property.

It is next asserted that: ''The court did not find what the reasonable value of the use of the equipment was but only found what the reasonable rental value thereof was, and it was never shown that the defendant used the equipment during the period for which plaintiffs seek compensation.'' The point is not a new one. It has been decided against the defendant's contention. (*Taylor* v. *Bernheim*, 58 Cal. App. 404, 410 [209 Pac. 55]; *Nahhas* v. *Browning*, 181 Cal. 55 [183 Pac. 442, 6 A. L. R. 476].)

Finally the defendant calls to our attention several rulings on the admission and exclusion of evidence. No error is shown as to any one of them. The evidence excluded was not pertinent to any issue that was being tried and which is involved in this appeal.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.