STATE EX REL. FIEBRANTZ, RESPONDENT, *v.* ARMSTRONG, SHERIFF, APPELLANT.
(No. 8292.)

(Submitted January 11, 1943. Decided February 3, 1943.)

[133 Pac. (2d) 768.]

*Mr. Selden S. Frisbee* and *Mr. Lloyd A. Murrills*, for Appellant, submitted an original and a reply brief; *Mr. Murrills* argued the cause orally.

*Mr. S. J. Rigney*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

In 1940 J. J. Galbreath and his three sons made a chattel mortgage covering 200 horses in favor of the Sherburne Mercantile Company and R. B. Fraser. This mortgage was foreclosed by exercise of the power of sale contained therein. A number of horses were sold but the mortgage was not entirely satisfied. Thereafter an action was commenced in the district court of Glacier county to obtain judgment for the deficiency. A writ of attachment was issued and nine horses and one colt

were attached. The plaintiff claimed six of these horses and the colt and filed a third-party claim. No bond was furnished by the creditor as provided by section 9273, Revised Codes. The defendant, sheriff of Glacier county, refused to release the horses to plaintiff. Thereupon she, as relatrix, instituted the present proceeding in mandamus to compel the sheriff to do so and after hearing the writ issued. This appeal followed.

There are two specifications of error. In the view we take of the matter it is only necessary to discuss the first specification, which alleges that the petition for the writ is insufficient because the affidavit attached to the third-party claim failed to state the evidentiary facts necessary to sustain the claim, and because the third-party claim and affidavit failed to give a sufficient description on the property in question.

The third-party claim is provided for in section 9273, Revised Codes. The section provides: "If personal property attached be claimed by a third person, he shall give notice thereof to the sheriff, and deliver to him an affidavit, stating his claim, ownership, and a description of the property, * * *."

In this case the third-party claim reads as follows; omitting the title and the formal allegations: "* * * That on or about the 9th day of May, 1941, A. E. Armstrong, the sheriff of Glacier County, Montana, attached, levied upon and took into his possession seven head of horses belonging to this affiant bearing the brand $_{\mathrm{I}}\mathrm{x}$ on the left jaw, particularly described as follows: to-wit: 4 geldings, 2 mares & one colt as follows: and all of the aforesaid described horses, and all horses bearing the brand $_{\mathrm{I}}\mathrm{x}$ on left jaw are now, and for more than two years last past have been, the sole and absolute property of this affiant and that the same never have been the property of the defendants above named." Then follow formal allegations of ownership and that relatrix is entitled to possession, etc.

It is appellant's contention that under section 9273 the third-party claimant must deraign his title from which his ownership springs. As will be noted, section 9273 provides that the affidavit shall merely state the ownership. It is not

the function of the sheriff under section 9273 to act as a judicial officer to determine ownership. This section was obviously enacted for the purpose of protecting the sheriff by requiring the attaching creditor to file the bond provided for so that the matter of litigating the title of the property may be handled in the proper court. The affidavit complied with section 9273 in so far as the requirement of stating ownership is concerned. That ownership cannot be litigated until the bond is posted by the attaching creditor as provided in that section. Were the sheriff to determine title, there would be no purpose in providing for the bond as contained in section 9273. Our statute on third-party claims is the same as that of the state of California, and in *Taylor* v. *Bernheim*, 58 Cal. App. 404, 209 Pac. 55, and in *McCaffey Canning Co.* v. *Bank of America*, 109 Cal. App. 415, 294 Pac. 45, the court indicates that a third-party claim in the words of the statute is sufficient, and we so hold. No case is cited by the appellant to sustain his argument on this point.

It is next urged under the first specification that the description of the property is insufficient. The trial court specifically held that it was sufficient, and with that conclusion we agree. It listed six of the horses by sex, and the colt, and then gave the brand which the horses bore. In Montana it certainly can be presumed that only horses belonging to the relatrix bear that particular brand and that ordinarily any horses bearing that brand belonged to her. No better means of identifying live-stock can be found than by using the brand they bear. The very foundation of the livestock industry in Montana rests in the practice of branding range animals. We cannot take seriously, any more than did the district judge, the argument that the horses in question are not sufficiently described so that the sheriff might know which animals were being claimed by relatrix.

Since the third-party claim was sufficient in every particular, ██ ██ the sheriff, on the expiration of ten days when no bond was filed by the attaching creditor, was required to deliver the

216

horses in question to the relatrix. This he did not do, and clearly mandamus will lie and the trial court properly issued the writ.

The second specification of error cannot be considered since this went to the sufficiency of the evidence adduced on the hearing to prove ownership in the relatrix. That matter never should have gone into in the trial court since it could only be litigated after compliance on the part of the attaching creditor with section 9273.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR concur.