[Civ. No. 30995. Second Dist., Div. One. Oct. 31, 1966.]

PHILLIPS AVIATION CO., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DESIGNATRONICS, INC., et al., Real Parties in Interest.

[Civ. No. 31019. Second Dist., Div. One. Oct. 31, 1966.]

DESIGNATRONICS, INC., et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PHILLIPS AVIATION CO., Real Party in Interest.

(Consolidated Cases.)

48

Greenwald, Landrum & Baim and Joseph M. Baim for Petitioner in No. 30995 and Real Party in Interest in No. 31019.

MacMahon, Nelson & Tilson and J. Lane Tilson for Petitioners in No. 31019 and Real Parties in Interest in No. 30995.

No appearance for Respondent.

McCOY, J. pro tem.*—On July 19, 1966, petitioner, Phillips Aviation Co., herein referred to as Phillips, filed an action in respondent court against Perfect Gear and Instrument Corp.,

*Assigned by the Chairman of the Judicial Council.

herein referred to as Perfect Gear, Designatronics, Inc., and others to recover possession of certain personal property and for other relief.

By its petition in 2d Civ. No. 30995, Phillips seeks a review of the order of the respondent court of September 2, 1966, granting the motion of defendant Designatronics under section 473, Code of Civil Procedure for relief from its default and denying Phillips' motion for an order for its protection under section 521, Code of Civil Procedure, all in relation to Phillips' claim and delivery proceedings.

By their petition in 2d Civ. No. 31019, defendants Designatronics, Inc. and Perfect Gear and Instrument Corp. seek a review of the order of the respondent court of September 2, 1966, denying their motion under section 437c, Code of Civil Procedure, for a summary judgment.

By its first cause of action Phillips seeks to recover from defendants Perfect Gear and Designatronics possession of a certain machine described as a ''gear hobber.'' Phillips alleges that it is the owner of the machine which has been in possession of defendants since November 4, 1965, and that ever since December 1965 defendants have refused to deliver possession of the machine to plaintiff notwithstanding its demand therefor. Phillips alleges that Perfect Gear is the agent of Designatronics, and that when the complaint was filed the machine was being held at the place of business of Perfect Gear at Northridge, California.

On July 19, 1966, James A. Phillips, president of plaintiff corporation, executed a declaration on behalf of plaintiff pursuant to sections 509 and 510, Code of Civil Procedure, claiming delivery of the machine to plaintiff. By proper endorsement thereon plaintiff required the Marshal of the County of Los Angeles to take the property from defendants which was located at the place of business of Perfect Gear. Upon receipt of this declaration and notice, together with a proper undertaking, the marshal, as required by section 512, Code of Civil Procedure, approved the undertaking. On July 20 the marshal served on the vice-president and general manager of Perfect Gear a copy of the summons and complaint, together with a copy of the Phillips declaration, the endorsement thereon, and the undertaking for claim and delivery, and took the machine into his possession. Defendants did not require the return of the machine or give the marshal an undertaking as permitted by section 514, Code of Civil Procedure, and on July 26 the marshal delivered possession of

the machine to Phillips, and filed his return on the claim and delivery as required by section 520.

Defendants Perfect Gear and Designatronics filed their answer to the complaint on August 4. On August 18 these defendants noticed a motion for a summary judgment dismissing the complaint against them, and gave notice that in the event their motion for a summary judgment was denied, defendant Designatronics would move the court for an order permitting it to deposit a redelivery bond with the marshal and thus regain possession of the machine. On August 26 the court denied the motion for a summary judgment and granted the motion for leave to file a redelivery bond and regain possession of the machine. Phillips thereupon noticed its motion for reconsideration of the decision granting relief to defendants and a motion for an order pursuant to section 521, Code of Civil Procedure protecting it in its possession of the machine. On September 2 the court on reconsideration reaffirmed its earlier ruling on defendants' motion for relief and denied Phillips' motion for an order under section 521.

### The Motion for Summary Judgment

There is no point in repeating here the well-known rules governing a trial court in determining a motion for summary judgment under section 437c, Code of Civil Procedure.

■ The primary issue in this case is the validity of Phillips' claim that it is the owner and entitled to the possession of the machine. This claim is based on a written agreement between Phillips and the defendant Trans American Machinery & Equipment Corp. dated November 4, 1965, a copy of which is attached to the complaint. By that agreement Trans American agreed "to deliver" the gear hobber to Phillips. "In exchange," Trans American was to receive a certain lathe described in the agreement. Trans American agreed to pay for the freight on the gear hobber to Los Angeles. It is not disputed that the lathe was delivered to Trans American.

On their motion for summary judgment defendants contended that title to the gear hobber had not passed to Phillips because there had been no delivery within the meaning of section 2401, subdivision (2) of the Commercial Code; that title had revested in Trans American within the meaning of subdivision (4) of that section because Phillips had refused to accept delivery; that Trans American was therefore free to resell the gear hobber to the defendant Designatronics, which was a good faith purchaser for value within the meaning of

section 2403, subdivision (1) of the Commercial Code. Defendants filed in support of the motion the affidavit of a vice-president of Designatronics, and the declaration of the owner of the trucking company which had transported the gear hobber to Los Angeles, and the declaration of the warehouseman with whom the gear hobber was stored during part of the time involved.

The motion was opposed on the ground that the Phillips verified complaint and the declaration of its president filed in opposition to the motion established several triable issues of fact. Among other things it contended that its ownership and right of possession was not the only issue before the court, that its interest in the gear hobber was not based entirely on its agreement of November 4, 1965, with Trans American, that title had passed to it, and that Trans American was not a good faith purchaser.

In denying the motion for summary judgment the trial court necessarily determined that the verified complaint and Phillips' declaration established that there were one or more triable issues of fact. We have examined the record which was before the trial court and are satisfied that the denial of the motion was proper.

### The Claim and Delivery Proceedings

So far as pertinent here section 512, Code of Civil Procedure provides that upon receipt of a plaintiff's affidavit and notice for claim and delivery with the necessary undertaking, the officer "must forthwith take the property described in the affidavit, if it be in the possession of the defendant or his agent, and retain it in his custody. . . . He must, without delay, serve on the defendant a copy of the affidavit, notice, and undertaking, by delivering the same to him personally, if he can be found, or to his agent from whose possession the property is taken; . . . ." In our opinion the record before the trial court was sufficient to show that there was substantial compliance with this section and that the trial court abused its discretion in granting the motion of Designatronics.

The declaration of James Phillips, president of the plaintiff corporation, for claim and delivery, alleges that the gear hobber "is in the possession of and wrongfully detained by the defendants at the Perfect Gear & Instrument Corp., at 18141 Napa, Northridge," and that the alleged cause for such detention is the claim of the defendants Perfect Gear and Designatronics that they bought the property. The notice directed the

marshal to take the property "from the within named defendants, located at defendant Perfect Gear and Instrument Corp., at 18141 Napa, Northridge, California." The return of the marshal shows that when he took possession of the property he served the declaration, notice and undertaking "By delivering a copy thereof to defendant personally," and "By delivering a copy thereof to defendant(s) agent Mr. Davis from whom possession of the property was taken, personally." The failure of the marshal in his return to identify Mr. Davis as the vice-president and general manager of Perfect Gear is cured by the declaration of Mr. Davis filed in support of the motion of Designatronics for relief from its default.

It is apparent from the record that service of the affidavit and notice on Mr. Davis as agent for the defendant Designatronics was sufficient service of those documents. Section 512 required service on defendant Designatronics only if it could be found by the marshal. According to Mr. Davis' declaration Designatronics is a New York corporation which, to his knowledge "has not qualified to do business in California, has not designated an agent for service of process in this state, and does not in fact do business in California." This being so, service of the documents on Designatronics' agent from whose possession the property was taken is all that is required by section 512.

We are also satisfied that Perfect Gear, from whose possession the property was taken, was the agent of Designatronics within the meaning of section 512.

In his declaration in support of Designatronics' motion Mr. Davis alleges that at the time here involved Perfect Gear was conducting its operations "as a wholly owned subsidiary of Designatronics"; that when he was served with the summons and complaint in the action on behalf of Perfect Gear, "the officer delivered to me copies of the affidavit, notice and undertaking for claim and delivery. At least as between Designatronics and Perfect Gear, Designatronics is the owner of the gear hobber which is the subject of this action. Until it was seized under claim and delivery, the machine was located at the Perfect Gear facility on loan from Designatronics for the purpose of filling a backlog of purchase orders." It further appears from the declarations of two of the attorneys for Designatronics filed in support of their client's motion that, upon being advised of the taking by the marshal, they immediately sought to obtain an undertaking so that they might secure the return of the gear hobber but were unable to deliver

such an undertaking to the marshal "within five days after taking and service of notice to the defendant," as provided in section 514, Code of Civil Procedure.

"It may be conceded," said the court in *Taylor* v. *Bernheim*, 58 Cal.App. 404, 408 [209 P. 55], "that it is the general rule that an action of claim and delivery will lie only against the persons who have the possession of the property in dispute at the time of its commencement. (*Richards* v. *Morley*, 133 Cal. 437 [65 P. 886]; *Home Payment Jewelry Co.* v. *Smith*, 24 Cal.App. 488 [141 P. 933].) But the term 'possession,' as used in this class of cases, has been construed to mean either actual or constructive. (34 Cyc. 1396-1400; *Eastern Outfitting Co.* v. *Myers*, 39 Cal.App. 316 [180 P. 669].) And if it be shown that the property sought to be recovered is under the control of a person, or if it be shown that it is within the power of such person to deliver the property, such person is liable, although the property be not in his actual physical possession. This latter rule is recognized in *Richards* v. *Morley, supra,* cited and is relied upon by appellant. It is there said: 'But the findings show that the property sought to be recovered was not in the possession of the defendant when the action was commenced, *nor within his power to deliver,* and therefore said findings would not have sustained a judgment in favor of plaintiffs for the delivery. . . .' (Italics are ours.)"

In *Taylor* v. *Bernheim, supra,* it was held (p. 408) that in a claim and delivery proceeding the defendant "was in the ostensible and actual control of the property" which was in possession of the sheriff by virtue of a writ of attachment issued in an earlier action brought by defendant against the plaintiff. "In the instant case," said the court, "the evidence shows that the sheriff was acting merely as the agent of appellant, and had no interest in the matter other than as an officer, and that he was holding the property subject to the direction of appellant." In *Eastern Outfitting Co., Inc.* v. *Myers,* 39 Cal.App. 316 [180 P. 669], cited in *Taylor* v. *Bernheim,* it was held that the possession of a tenant of certain furniture was sufficient to sustain a judgment against his landlord in a claim and delivery action, where the landlord was resisting the delivery of the property. So here, the evidence shows that Perfect Gear, which makes no claim of ownership of the gear hobber, was acting merely as the agent of Designatronics, and was holding the gear hobber on a loan from and subject to the direction of Designatronics.

## Relief Under Section 473

The motion of Designatronics for an order to be relieved from its default and permitting it to deposit a redelivery bond with the marshal and thus regain possession of the gear hobber was made on the ground that it had "not been served with the notice of claim and delivery, and that any failure on its part to deposit the redelivery bond was a result of excusable neglect." In our opinion, the trial court abused its discretion in granting the motion.

Section 473, Code of Civil Procedure provides that the court "may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." We have found no cases, and none have been called to our attention, holding that a defendant is entitled to relief under this section for its failure to deposit an undertaking as required by section 514 in order to regain possession of property taken in a claim and delivery proceeding pending final determination of the litigation. On the contrary, the cases indicate that relief under section 473 is not available to a defendant in such a case.

"The policy of the law is to have every litigated cause tried on its merits; and it looks with disfavor on a party who, regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. (29 Cal.Jur.2d, § 152, p. 95.)" (*Reed* v. *Williamson*, 185 Cal.App.2d 244, 248 [8 Cal.Rptr. 39].) When Designatronics failed to file the required undertaking with the marshal as required by section 514, that officer was under a duty to deliver the gear hobber to Phillips. To hold as we do that Designatronics was not entitled as a matter of law to seek relief under section 473 from its inability to file the undertaking within the required time does not deprive it of the right to have the cause tried on the merits. This is so because the gear hobber now in possession of the plaintiff is deemed to be in the custody of the law until the trial and determination of the main action for specific recovery. Until then it is exempt from attachment or execution by a third person, just as it would be if it were in the possession of the sheriff, and plaintiff is not entitled to sell or otherwise dispose of it. (1 Witkin, Cal. Procedure (1954) Provisional Remedies, § 11, p. 850.)

The record shows that Phillips obtained possession of the gear hobber in strict compliance with the law. "The

possession obtained by the auxiliary proceedings of bond and claim and delivery is a temporary possession and does not operate to give the one so gaining possession the full right of possession like a final judgment in the action. A replevin plaintiff so gaining possession must keep the property so that it may be returned to the defendant in case the final judgment in the action awards it to the defendant.'' (*Steele* v. *Marlborough Hall Corp.*, 100 Cal.App. 491, 495 [280 P. 380].) Designatronics' rights will be fully protected if it prevails in the main action. (1 Witkin, Cal. Procedure (1954) Provisional Remedies, § 13, p. 852.)

### Plaintiff's Right to Protective Order

 Section 521, Code of Civil Procedure reads: ''After the property has been delivered to the plaintiff as in this chapter provided, the court shall, by appropriate order, protect the plaintiff in the possession of said property until the final determination of the action.'' The word ''shall'' as here used connotes mandatory action. (*Cannizzo* v. *Guarantee Ins. Co.*, 245 Cal.App.2d 70 [53 Cal.Rptr. 657].)

 Since Phillips' possession of the gear hobber was in all respects lawful, it was an abuse of discretion to deny its motion for an order under the mandatory provisions of this section.

The alternative writs in both matters before us are discharged. In 2d Civil No. 30995, a peremptory writ will issue commanding the respondent court to vacate its order of September 2, 1966, authorizing Designatronics, Inc. to deposit a surety bond as permitted by section 514, Code of Civil Procedure and recover possession of the gear hobber, and to make and enter an order as required by section 521, Code of Civil Procedure protecting the petitioner, Phillips Aviation Co., in its possession of the gear hobber until the final determination of the action. In 2d Civil No. 31019, the writ is denied.

Wood, P. J., and Fourt, J., concurred.