[No. 5757.]

## NELLIE BACON v. P. ROBSON and A. GENTRY.

REPLEVIN—DEMAND AND REFUSAL.—In an action to recover personal property or its value, where it appears that the property came lawfully into the possession of the defendant, a demand and refusal to deliver must be shown.

NOTICE OF MOTION TO DISMISS.—A notice of motion to dismiss an action forms no part of the record upon an appeal from the judgment of dismissal.

BILL OF EXCEPTIONS—JUDGMENT.—In the absence of a bill of exceptions, the appellate Court will presume that the judgment was rendered for reasons satisfactory to the Court below and sufficient in law.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The action is to recover possession of personal property or its value. Defendant Gentry moved for a nonsuit, and pending the argument on the motion, plaintiff asked and obtained leave to amend her complaint by making Lena Robson a party defendant. As to defendant Gentry, the nonsuit was granted, and subsequently a motion to dismiss as to Lena Robson was granted. From the judgment and order denying the plaintiff's motion for a new trial as to defendant Gentry, and from the order dismissing the action as to Lena Robson, plaintiff appeals.

*J. M. Wood*, for Appellant.

*Sharp & Lloyd*, for Respondents.

By the Court, NILES, J.:

The nonsuit as to defendant Gentry was properly granted. It is not claimed that the property came into his possession unlawfully. A demand upon him and a refusal to deliver was averred in the complaint and denied by the answer. No demand whatever was shown.

As to the order dismissing the action as against the defendant Lena Robson, it appears from the transcript before us to have been made at the instance of the plaintiff. But conceding this to have been a clerical error merely, we see no reasons for disturbing the judgment of the Court.

There is no bill of exceptions upon the appeal from the order. The notice of motion to dismiss made by counsel for Lena Robson forms no part of the record. The order itself does not disclose the grounds upon which it was granted. We must presume that it was made for reasons satisfactory to the Court below and sufficient in law.

Judgment and orders affirmed.

Mr. Justice RHODES did not express any opinion.