## McNALLY v. CONNOLLY.

### No. 8864; December 29, 1885.

#### 9 Pac. 169.

**Action to Recover Personal Property—Demand.**—In an action to recover personal property, or its value, where it appears that the property came lawfully into the possession of the defendant, a demand and refusal to deliver must be shown; but if the original possession of the property was acquired by tort, no demand previous to the institution of the suit is necessary.

**Action to Obtain Possession of Real Property—Demand.**—One acquiring title to real property who is not in possession is entitled to be let into possession on demand, and, until such demand, he cannot maintain an action to obtain possession against a person who is lawfully in possession.

**Fixtures—Engine and Machinery.**—Where a tenant of real property, with the permission of the owner, erects an engine and boiler on a foundation made of brick and of timbers sunk into the ground, and attaches such engine and boiler and machinery to a building which is part of the realty by means of bolts and screws which are easily removed; quaere, whether such boiler and engine constitute real or personal property.

APPEAL from Superior Court, City and County of San Francisco.

Chas. F. Hanlon and W. C. Flint for appellant; Mich. Mullany for respondent.

SEARLS, C.—This is an action to recover possession of certain personal property, if possession can be had, and, if not,

the value thereof. Defendant had judgment, from which, and from an order denying a new trial, plaintiffs appeal. In 1876, Owen Connolly, the defendant, took a lease of a lot of land on Fourth street, near Berry, in the city of San Francisco, for a term which was to expire January 1, 1881. There was a brick building upon the lot, but which did not cover the whole of it. Connolly paid his rent in full for the term, formed a copartnership with Charles D. Wheat, and, as such copartners, under the firm name of Connolly & Wheat, they proceeded to place upon said lot of land an engine, boiler and machinery for a flouring-mill, which machinery is the subject matter of the controversy in this action. The engine and boiler were erected in a wooden building adjoining the brick structure, and the motive power was communicated therefrom to the machinery by means of a shaft, or shafts, extending into and through the brick structure. The foundation for the engine and boiler was made by sinking timbers in the ground from six inches to two feet, upon which a brick foundation was built, and the bed of the engine was placed upon the brick work and fastened to the wooden foundation beneath by bolts and screws. The mill-stones were bolted fast to the floor. Pieces of timber were put in the brick walls and bolted through in the upper part of the building, to which the machinery was attached. The whole machinery seems to have been securely attached to the building and to have been solid and substantial, but was secured and fastened, usually, by bolts and screws, which could be removed without material injury to the building, while some bridges were bolted directly to the walls of the building. The principal difference in securing the machinery from that ordinarily pursued consisted in using bolts with screws instead of nails. The machinery was by this means securely fastened to the building, and was solid. The machinery was placed in the buildings with the understanding that the tenant should be at liberty to remove it; and, with that end in view, it was substantially attached to the realty, but with bolts and screws, in order that it might be severed with the least possible injury to the realty. In 1877 plaintiffs herein brought an action against Connolly & Wheat to recover two thousand nine hundred and sixty-six dollars and sixteen cents, and caused a writ of attachment to issue, which was levied upon the right,

title and interest of defendants in and to the lot of land and premises so leased as aforesaid.   The sheriff, also, by direction of plaintiffs, at the same time attached the machinery now in controversy as personal property.   Plaintiffs had judgment, and thereafter caused an execution to issue, under which the sheriff levied upon the real estate or lot having the mill and machinery thereon, and afterward, on the nineteenth day of October, 1877, sold the same in due form as real estate, plaintiffs becoming the purchasers, and no redemption having been had, said plaintiffs, on the fourth day of May, 1878, received a sheriff's deed in due form of said land and premises.   Defendant Connolly having, prior to the expiration of the lease, removed the machinery, or most of it, this action was brought. A demand of possession by plaintiffs from defendant is averred to have been made on the thirty-first day of December, 1880. The answer denies specifically that any demand for delivery or possession was ever at any time made, and the court finds that no demand was in fact ever made.

We have examined the record in vain for evidence of a demand.   In an action to recover personal property, or its value, where it appears that the property came lawfully into the possession of the defendant a demand and refusal to deliver must be shown: Bacon v. Robson, 53 Cal. 399.   If the original possession of property is acquired by tort, no demand previous to the institution of a suit is necessary: Sargent v. Sturm, 23 Cal. 359, 83 Am. Dec. 118; Wellman v. English, 38 Cal. 583.

Defendant Connolly, as the lessee of the premises or lot of land upon which the mill and machinery were erected, was lawfully in possession.   He and his copartner caused the machinery to be placed in the buildings, and owned and possessed it until, by the sale under execution and failure to redeem, the title passed by sheriff's deed to the plaintiffs.   If the machinery was not attached to the realty so as to pass by a sale of such realty, plaintiffs acquired no right to it, for they sold the interest of defendants as real estate and not as personal property.   Treating it, then, as real property, the plaintiffs were entitled, upon presentation of their sheriff's deed, to be let into possession.   Until they did so, the defendant might lawfully remain in the enjoyment of the property.   They never demanded delivery or possession, and defendant, being thus lawfully in possession, was not guilty of

the unlawful detention necessary to support an action, until by demand and refusal his detention became wrongful. It follows from this view of the case that plaintiffs were not in a position at the date of suit brought to maintain an action, and the judgment and order in favor of defendant should be affirmed.

We concur: Belcher, C. C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.