## SHAFFSTALL *v.* DOWNEY.

### Opinion delivered June 29, 1908.

1. JURY—PRESUMPTION OF COMPETENCY—REBUTTAL.—A person selected and returned as a juror is presumed to be qualified and competent to serve, and the burden is upon the challenging party to establish a *prima facie* disqualification. (Page 7.)

2. SAME—COMPETENCY OF JUROR.—It was not error to accept a juror as competent who testified on his *voir dire* that he was related to one of the parties, but that he did not know in what degree, in the absence of any testimony showing the degree of such relationship. (Page 7.)

3. COSTS—OFFER TO CONFESS JUDGMENT.—Where, on appeal to the circuit court, a plaintiff recovers less than defendant offered to confess judgment for in the justice's court, all costs subsequent to such offer should be taxed against the plaintiff. (Page 7.)

4. REPLEVIN—MORTGAGED CHATTEL—FORM OF JUDGMENT.—In replevin to recover a mortgaged chattel from the mortgagor, the mortgagee should have judgment for the property or the balance due on the mortgage, in accordance with Kirby's Digest, § 6869. (Page 8.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge: reversed.

*Henderson & Campbell,* for appellant.

The court should have held juror Mack to be an incompetent juror. Kirby's Dig., § 4491. The presumption is that an offered juror is incompetent until he is shown to be competent. When relationship is once shown to exist, the burden of showing that the proposed juror is competent devolves upon the plaintiff, or the juror. 41 Tex. 573; 37 S. E., 626; 47 Me. 593; 64 Ind. 133. 12 Tex. App. 163. All costs after the offer to

confess judgment should have been adjudged against plaintiff. 44 Ark. 562; 76 *Id.* 326. The judgment should have been for the mare or for $25.00, the amount the jury found to be due plaintiff. Kirby's Dig. § 6869.

*Geo. T. Black,* for appellee.

The finding of a jury on a question fairly submitted to them will not be disturbed when there is evidence to support it. 67 Ark. 399; 74 Ind. 478; 73 *Id.* 383. It was not error to permit juror Mack to serve as such on the trial of the case. 16 Ark. 163; 23 *Id.* 50; 20 *Id.* 36; 35 *Id.* 109; 37 *Id.* 580; 40 *Id.* 511; 44 *Id.* 122; 35 *Id.* 640. The trial court is presumed to have proceeded according to law. 72 Ark. 590.

HART, J. This was an action of replevin brought by A. N. Downey before a justice of the peace to recover a mare upon which he had a mortgage. He alleged that there was a balance due of $104.83, a portion of which ($18.48) was interest upon the purchase price of a span of mules. The object of the suit was the foreclosure of the mortgage.

Frank Shaffstall, the defendant. in his answer admitted that there was $86.35 due on the original mortgage, but pleaded as an offset an account against plaintiff for nursing in his family during the illness of plaintiff and of his mother. He denied that he owed plaintiff any sum whatever for interest. Defendant gave a bond to retain the property. The judgment in the justice's court was in favor of the defendant. Upon appeal to the circuit court, there was a trial *de novo,* and the jury returned the following verdict: "We, the jury, find in favor of the plaintiff a return of the property in question, towit: one bay mare or its value, $105, and we further find that the defendant is due the plaintiff $25."

Judgment was rendered in accordance with the verdict, and the costs were taxed against the defendant. The defendant filed a motion to retax the costs, and in support of it read from the docket of the justice of the peace the following: (Caption and style of the court omitted.) "On this 11th day of February, 1907, comes the parties to this cause and in open court, after court was called, the defendant, Frank Shaffstall, offered thirty dollars ($30.00) to A. N. Downey, and asked that it be accepted, and the suit stopped."

The court refused to retax the costs. Defendant then filed a motion for a new trial, and, upon it being overruled, appealed to this court.

His first contention is that the court erred in refusing to give to the jury the instructions asked by him. Without setting out the instructions given or refused, it is sufficient to say that we think the theory of the case contended for by the defendant was fully covered by the court's instruction to the jury. This is evidenced by the finding of the jury as to the amount due plaintiff by the defendant.

In the selection of the jury to try this cause, Dee Mack, a member of the regular panel of petit jurors was asked whether he was related to either party to the suit. He answered that he was related to the plaintiff, Mr. Downey, but that he did not know in what degree. The court pronounced him competent. The defendant excepted to the ruling of the court, and, upon his objection being overruled, peremptorily challenged the juror, and in so doing exhausted his peremptory challenges.

A person selected and returned as a juror is presumed to be qualified and competent to serve, and the burden is upon the challenging party to show to the contrary, who must at least make out a *prima facie* case. 24 Cyc. 346.

Section 4491 of Kirby's Digest provides that "no person shall serve as a petit juror who is related to either party to a suit within the fourth degree of consanguinity or affinity."

The examination of the juror did not disclose that he was related in the prohibited degree. The challenging party should have made out a *prima facie* case of the juror's relationship within the prohibited degree by questions asked by the juror or by the offer of other proof. Failing to do this, there was no error in the ruling of the court pronouncing him a competent juror.

We think the transcript from the justice's docket shows an offer to confess judgment. It is a matter of common knowledge that justices do not keep their records with that accuracy and formality that is generally observed in courts of record. The verdict of the jury in the circuit court is evidence that it was the intention of the defendant to confess judgment; for the amounts are nearly the same, and in either case the verdict is far below

the amount claimed by the plaintiff. In *Petsinger* v. *Beaver,* 44 Ark. 562, this court held: "When, on appeal to the circuit court, plaintiff recovers less than defendant offered to confess judgment for in the justice's court, all costs subsequent to the offer must be taxed to the plaintiff." Therefore the court erred in not granting defendant's motion to retax the costs.

The court also erred in the form of the judgment. The plaintiff was entitled to the possession of the mare only for the purpose of foreclosing the mortgage. The jury found the balance due him on the mortgage to be $25. The court then should have rendered judgment for the property or the balance due on the mortgage, in accordance with the provisions of section 6869 of Kirby's Digest.

The judgment is therefore reversed, and the cause remanded with directions to the court to render judgment on the verdict found by the jury for the mare or the balance found due on the mortgage in accordance with the provisions of section 6869 of Kirby's Digest, and to adjudge all costs against the plaintiff after the refusal of the offer of the defendant to confess judgment in the justice of the peace court.