[Civ. No. 1443.   Second Appellate District.—May 15, 1914.]

HOME PAYMENT JEWELRY COMPANY (a Corporation), Appellant, v. J. B. SMITH, et al., Respondents.

CLAIM AND DELIVERY—LEASED CHATTEL—ALLEGATION OF DEMAND FOR POSSESSION.—Where a lease of personal property provides that the lessee shall not let the property out of his possession without first obtaining the written consent of the lessor, it is necessary, in an action by the lessor to recover possession of the property from transferees of the lessee, where it does not appear by the allegations of the complaint that the defendants did not obtain possession with the consent of the plaintiff, to allege the making of a demand for the delivery of the possession during the time when the defendants held possession of the property.

ID.—DEMAND FOR RETURN OF PROPERTY—NECESSITY BEFORE BRINGING ACTION.—If in such case the defendants obtained possession of the property rightfully, then it was necessary, before bringing an action of claim and delivery, that demand be made upon them requiring that the property be delivered to the lessor.

ID.—PARTIES DEFENDANT—JOINDER OF LESSEE.—The plaintiff in such case is not required to join as a party defendant the lessee named in the contract and to whom the property was first delivered, for an action of claim and delivery will only lie against persons who have possession of property in dispute at the time of its commencement.

APPEAL from a judgment of the Superior Court of San Diego County.   W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Ben F. Gray, and H. G. Bittleston, for Appellant.

L. E. Dadmun, for Respondents.

JAMES, J.—Appellant sued to recover possession of personal property consisting of certain articles of jewelry and for damages.   A demurrer was interposed to the amended complaint, which was sustained by the trial court.   Appellant declined to take advantage of the leave given to further amend, and from a judgment of dismissal this appeal was taken.

In the complaint it was set out that the appellant had delivered to one Mary C. Ames under a lease contract, which was set out in full as an exhibit attached to the amended complaint, certain articles of jewelry of the alleged value of one thousand and eighty, dollars. The contract as set out provided that the articles of jewelry were leased to the said Mary C. Ames for a term of ten months for the total rental of one thousand and eighty dollars, which rental was to be paid, one hundred dollars in cash and the balance in monthly payments of one hundred dollars. The contract also contained these conditions:

"2nd. And .I further agree not to let the above goods go out of my possession without first notifying said Home Payment Co. and having first obtained their written consent; and I assume all responsibility of loss or damage of said goods for any cause whatsoever.

"3rd. It is also agreed that in the event that I shall fail to pay any monthly installment when due, the said Home Payment Co. may at their option take possession of said goods and cancel this lease, and that said Home Payment Co. shall be entitled to retain all sums paid by me as a reasonable compensation for the use of said goods and for their trouble and expense in connection with this transaction with me."

In the complaint it was alleged that the lessee had failed and refused to comply with the .terms and provisions of the contract; that she had paid the sum of seven hundred dollars on account of rental of the property, but had defaulted in the payment of the balance due; that plaintiff had made demand on her for the payment of the balance but she had refused to pay the same. This allegation then followed: "That after obtaining possession of said property from plaintiff as aforesaid, the said Mary C. Ames, without plaintiff's consent and against the will of plaintiff, concealed said property from plaintiff and transferred and delivered the same to other parties. That prior to the commencement of this action the defendants herein obtained possession of the said aforesaid personal property, either directly or indirectly, from the said Mary C. Ames; and the said defendants are still in possession of said property, and, without plaintiff's consent and against the will of plaintiff, are detaining said property from the possession of plaintiff. That prior to the

commencement of this action, plaintiff demanded the possession of said property from the defendants, but the defendants then and there refused, and still refuse, to deliver the possession thereof to the plaintiff. That when defendants obtained possession of said property as aforesaid, plaintiff was, and ever since has been and still is, the owner of said property and entitled to the immediate possession thereof.'' General and special grounds of demurrer were assigned.' It does not appear by the allegations of the complaint that respondents did not obtain possession of the jewelry from the lessee with the consent of the plaintiff, which it is provided might be given under the terms of the lease contract. If they obtained possession rightfully, then it was necessary, before an action of claim and delivery could be brought, that demand be made upon them requiring that the property be delivered to the lessor. (*Bacon* v. *Robson,* 53 Cal. 399; *McNally* v. *Connolly,* 2 Cal. Unrep. 621, [9 Pac. 169].) A demand being necessary, it was essehtial that appellant should have alleged the making of such a demand during the time that. respondents held possession of the property. This it did not do. To be sure it was alleged that prior to the commencement of the action demand was made, but it is not shown by any allegation of the complaint at what date the respondents obtained possession of the property. The general ground of demurrer went to this point, and upon the question just suggested the demurrer was properly sustained.

The plaintiff was not required to join as a party defendant the lessee named in the contract and to whom the jewelry was first delivered, for an action of claim and delivery will only lie against persons who have possession of property in dispute at the time of its commencement. (*Richards* v. *Morey,* 133 Cal. 437, [65 Pac. 886].)

It will be unnecessary to notice particularly the argument made as to other and special grounds of demurrer. As the complaint did not state facts sufficient to constitute a cause of action, the judgment of the court was right.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 13, 1914. .