### SEGRAVES *v*. BROOKS.

### Opinion delivered April 3, 1916.

1. FRAUDULENT CONVEYANCES—NOTE—RIGHT OF DEBTOR TO OBJECT.—A conveyance in fraud of creditors is void only at the instance of the injured creditor, and where one L. so conveyed a note of appellant which he held, to appellee, appellant can not defeat payment, in a suit by appellee, on the ground that L. made the transfer to appellee in order to defraud his, L's., creditors.

2. REPLEVIN—RECOVERY—MORTGAGED CHATTEL.—In replevin, to recover a mortgaged chattel from the mortgagor, the mortgagee should have judgment for the property or the balance due on the mortgage.

3.  Replevin—retaining bond—form.—Where appellant retained the
    property in a replevin suit, he can not complain of a judgment
    against himself, on the ground that the retaining bond did not
    follow the precise language of the statute.

Appeal from Randolph Circuit Court; *J. B. Baker*,
Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee instituted this suit against appellant for the
possession of certain personal property.  The affidavit
was made on behalf of the appellee by his agent, Lee
Brooks.  It described the property, stated the value
thereof, with the other allegations necessary for an
affidavit in replevin.  The appellant executed a retaining
bond to the effect that appellant "shall perform the judg-
ment of the court in the action or return the property."

Judgment was rendered against the appellee in the
justice court and he appealed to the circuit court.  In the
circuit court, the appellant entered an oral plea, denying
each and every allegation of the complaint.  The testi-
mony on behalf of the appellee, tended to prove that the
appellant executed the note to Lee Brooks for $249.07,
dated March 14, 1913, and due October 1.  To secure this
note, appellant executed a mortgage on the property in
controversy.  The note was assigned October 21, 1913,
to the appellee.  There was rendered to appellant by Lee
Brooks, as the agent of the appellee, an itemized and
verified statement of the indebtedness, which the mort-
gage was given to secure.  There was shown to be a bal-
ance due on the note of $198.50.  Lee Brooks testified
that he had often talked with appellant in regard to the
indebtedness and appellant had never denied owing it,
but often admitted that he did owe all of it.  Lee Brooks
testified that he did not himself, keep the books from
which the verified statement of the account was rendered.
The appellant thereupon moved the court to exclude the
testimony in regard to this verified statement.  The wit-
ness stated that if the appellant had paid the account to
his brother, J. T. Brooks, witness did not know anything

about it. That he did not pay the account to witness. Witness further stated that he had never obtained his discharge in bankruptcy. That he had brought this suit, attended to his brother's business, and that he had been bringing all suits and making the affidavits in his brother's name. The appellee also introduced the mortgage which was assigned by Lee Brooks to J. T. Brooks, October 21, 1913. The appellant introduced a certified copy of the record of the proceedings before the referee in bankruptcy pertaining to the matter of the bankruptcy of Lee Brooks, and a copy of the judgment of the District Court for the Eastern District of Arkansas, in which it was adjudged that Lee Brooks was a bankrupt, and that the transfer of the note and mortgage of Lee Brooks to J. T. Brooks was fraudulent and void, because it was intended to hinder and delay creditors.

The appellant prayed for instructions telling the jury that the transfer of the note and mortgage under which the appellee claimed, was fraudulent and void and that such assignment carried with it no interest in the note and mortgage in question. The court refused to grant this prayer and appellant duly excepted. The court rendered a judgment in favor of the appellee against the appellant and his bondsmen in the sum of $198.50. The judgment recites: "It appearing to the court from the pleadings and files and admissions herein that this is an action brought by the plaintiff to replevin one sorrel mare, four years old of the value of $90 and one horse worth $85, embraced in a mortgage and held by plaintiff against defendant and securing an indebtedness from plaintiff to defendant on which there is a balance due of $198.50. And upon said property being taken from defendant by an order of delivery herein the defendant made a retaining bond in form of law with Joe H. Johnson, J. J. Grimmett and R. H. Segraves, as securities on retaining bond." Appellant duly prosecutes this appeal.

*J. W. Meeks,* for appellant.

1.   The purported transcript of the proceedings in bankruptcy was not admissible.  4 Ark. 129; 186 U. S. 200; 1 Gr. Ev. (15 ed.), §§ 485, 507; 10 Enc. Ev., p. 1006; 33 Conn. 419; 3 Blackf. (Ind.) 241; 25 Am. Dec. 102; 136 Ala. 434; 70 Mo. App. 98.   The attempted conveyance of the mortgage was void.   J. T. Brooks had no interest in the mortgage note and account.

2.   The court erred in directing a verdict and in refusing instructions No. 1 and 2 for defendant.   The verdict should be set aside.   There is nothing in it as to the value of the property *in solido* or separately.   83 **Ark.** 315; 43 *Id.* 535; 104 Ark. 375; 25 S. W. 11; 53 *Id.* 411; 10 *Id.* 504; 37 *Id.* 547; Kirby's Dig., § 6863; 78 Ark. 239.

3.   It was error to exclude the book account.   95 Ark. 403.   No foundation was laid.   111 Ark. 596; 103 *Id.* 528; 63 *Id.* 561-2; 94 *Id.* 189 190, etc.

4.   It is error to direct a verdict where the plaintiff's case is made out only by his own testimony which is self-contradictory.   93 Ark. 272.

*Campbell, Pope & Spikes,* for appellee.

1.   The orders in the bankruptcy proceedings were properly admitted.   4 Ark. 129.

2.   There was no error in admitting the copy of the account secured by the mortgage.   Kirby's Digest, § 5415.

3.   Appellant can not raise the question that the assignment to J. T. Brooks was void.   Only creditors can do this and appellant was a debtor.   52 Ark. 171; 47 *Id.* 301; 34 *Id.* 292; 19 *Id.* 650; Bigelow Fraud Conv., p. 193; 20 Cyc. 625b.

4.   It was not necessary to assess the value of the property.   The verdict was an instructed one; and for the balance due.   Kirby's Digest, §§ 6868-9.   The verdict was for the property or balance due.   87 Ark. 5.

5.   The evidence supports the verdict and there is no error.

WOOD, J., (after stating the facts). Appellant contends that since the assignment or transfer of the note and mortgage in suit, was adjudged by the referee in bankruptcy of the United States District Court to be fraudulent and void, that such assignment did not vest appellee Brooks with any title of the property in controversy and therefore that the appellee could not maintain this suit. This is not a good defense.

(1) "A conveyance to defraud creditors is good, as between parties and their privies but may be avoided by the creditors of the grantor. If they condone the fraud, the conveyance will stand against all comers." *Millington* v. *Hill, Fontaine & Co.,* 47 Ark. 301; *Bell* v. *Wilson,* 52 Ark. 171; *Bank of Little Rock* v. *Frank,* 63 Ark. 24. The creditors are not parties to this suit. They may have condoned the fraud.

The statute 3658 of Kirby's Digest, declaring conveyances and assignments in fraud of creditors void, was enacted for the benefit of creditors and not to enable the debtor to escape his liabilities. *Doster* v. *Manistee National Bank,* 67 Ark. 325; 20 Cyc., p. 625b. See Bigelow on Frauds and Conveyances, p. 192, section 14. The court did not err therefore in refusing appellant's prayer for instructions. The testimony as to verified statement of the account and as to copy of such account being furnished appellant before the institution of the suit, was but in compliance with the provision of section 5415 of Kirby's Digest, which was necessary in order to enable the appellee to maintain the suit. *Lawhorn* v. *Crow,* 92 Ark. 313.

(2) The verdict and judgment were in due form under section 6869, Kirby's Digest. In *Shaffstall* v. *Downey,* 87 Ark. 5, we held: "In replevin to recover a mortgaged chattel from the mortgagor, the mortgagee should have judgment for the property or the balance due on the mortgage." Citing § 6869 *supra.*

The undisputed evidence shows that there was a balance due on the note of $198.50. The affidavit recited

the value of the property and the appellant while denying verbally all the allegations of the affidavit did not testify that the value was not correctly stated therein. There was no issue under the affidavit, which served as the complaint, as to the value of the property; and under the above statute the court correctly rendered a judgment for possession of the property or the balance due under the mortgage.

(3) The appellant urges that the judgment should be reversed, because the bond did not follow the precise language of § 6863 of Kirby's Digest. The bondsmen did not appeal. The appellant was allowed to retain possession of the property under the bond that was executed and he is not in an attitude to complain because the bond in form contained more than is required for a retaining bond.

The contention that there was no testimony to show that the appellee held any account against the appellant, can not be sustained. Appellant did not plead *non est factum*. He admitted the execution of the note; and the undisputed testimony of Lee Brooks shows that he admitted that he owed the amount secured by the mortgage. If appellant had paid the note, the burden was upon him to show it.

There is no reversible error in the record and the judgment is therefore affirmed.