MARK ELLNER, Plaintiff, v. COMMERCIAL CREDIT CORPORATION, Defendant.*

City Court of New York, Bronx County, March 27, 1930.

---

*Modie Harris*, for the plaintiff.

*Dills & Towsley* [*Walter G. Schelkee, Jr.*, of counsel], for the defendant.

EVANS, J. Upon the pleadings, the motion could not be granted, because the complaint states a good cause of action, in that it alleges that the purchase price was $2,155. It cannot be inferred from the complaint that the finance charge of $320 was a part of the purchase price. But, apparently, the parties desire to have the controversy determined on the merits, without a trial, and have submitted stipulations as to the facts, with permission to the court to read into the complaint the facts that would be adduced upon a trial, and decide the issue, accordingly.

The action is (pursuant to section 80-e of the Personal Property Law, as added by Laws of 1922, chap. 642) by a conditional vendee, against the vendor's assignee, for $2,400 damages, because two taxicabs, conditionally sold, were retaken by defendant, without observing any of the provisions of sections 79 and 80 of the Personal Property Law (added by Laws of 1922, chap. 642). There is no dispute that defendant repossessed the two automobiles, that it gave no notice of sale, and it, in fact, has kept the same as its property, without attempt to sell them. Plaintiff did not serve a demand for the sale of the property as he had a right to do, under the statute. There being no resale, the defendant contends that the property belongs to it, pursuant to the provisions of section 80-c. The question turns on whether plaintiff did or did not pay fifty per centum of the purchase price, so as to compel defendant to conduct a sale, under section 80. Plaintiff, at the time of the retaking by defendant, had paid $1,167.47 on one cab, and $1,169.69 on the other. Was that fifty per cent of the purchase price?

The conditional bill of sale reads, so far as material, as follows:

#### " Cost

| | |
|---|---|
| List price (F. O. B. Factory) | $2000. |
| Freight and tax | 155. |
| Total cash price | 2155. |
| Financing charge | 320. |
| Total time price | 2475. |

#### *Payments*

| | |
|---|---|
| Cash on or before delivery | $100. |
| Allowance on trade in | 375. |
| Total down payment | 475. |
| Balance (in instalments) | 2000. |
| Total time price | 2475." |

Plaintiff contends that, under this agreement, the purchase price was $2,155, and, if that be so, then, the plaintiff having paid on account thereof $1,167.47, and $1,169.69, respectively, has paid fifty per cent on account thereof, and he, therefore, has a good cause of action. Defendant says that the purchase price is $2,475, and, if that be so, then the amount paid in is less than fifty per cent of the purchase price, and the complaint should be dismissed.

There were two prices at which plaintiff could have purchased the cabs. For cash, he could have purchased them at $2,155 each. On time payments, the price was $2,475 each. Having purchased the cabs on time payments, the plaintiff cannot, without the consent of the seller, elect the cash price. The purchase price of property is subject to the agreement of the parties. The various elements that go to make up the price are of no importance. There is no more reason for deducting the financing charge than there is for deducting the charge for freight and taxes in arriving at the purchase price of the articles. The parties did not agree to buy and sell these cabs for the list price of $2,000, nor for the list price plus freight and taxes, but for the total price of $2,475, which included the list price, freight, taxes and financing charges.

The statute in its various sections, in speaking of the purchase price, does not evidence any intention of segregating any particular part or element of the purchase price, and denominating that as the purchase price. I can see no reason for holding that the purchase price is anything else than the parties themselves agreed upon.

Motion for judgment on the pleadings granted, and judgment for defendant is ordered.