NANCY LO BOSCO, ALSO KNOWN AS NANCY CORRIER, PLAINTIFF-RESPONDENT, v. ABRAHAM RESNITZKY, TRADING AS METROPOLITAN FURNITURE COMPANY, DEFENDANT-APPELLANT.

Submitted May 3, 1938—Decided July 22, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Joseph Moritz* and *Saul Nemser.*

For the respondent, *Archie Elkins.*

PER CURIAM.

The suit is for damages brought by a customer of a retail furniture store against the proprietor thereof because of failure to deliver certain furniture contracted to be purchased and on which a deposit had been made, by reason whereof the plaintiff had been compelled to go elsewhere and buy some of the furniture at a higher price.

The plaintiff's version of the affair was that, in contemplation of her approaching marriage, she visited the store of the defendant for the purpose of buying the furniture in question, and as it was not in stock she accompanied the salesman to certain wholesale houses to select from their showrooms what she desired. This seems to have been done and she paid $100 on account and received a memorandum specifying various articles at a total price of $525 and a balance of $425, payable C. O. D. This was in August of 1937 and she testified that she told the salesman that she expected to be mar-

ried November 28th and that delivery was to be made as soon as the defendant was notified, but that shortly after she gave notice that the furniture was required, she received a letter from the salesman, which was put in evidence, stating that the order could not be filled "as other complications have come up with the manufacturers of the merchandise you selected," and enclosing a check for the $100 deposited. Thereupon, as the testimony indicated and as the trial judge was entitled to find, she went to the same places to which she had been taken by the salesman, selected the same, or substantially the same, furniture, and bought it at a total price of $989. This was the gist of the first count of the state of demand. There was a second count which dropped out of the case because of a nonsuit thereon by consent.

Several points are argued for the appellant, but we think that it suffices for a reversal to say that, in our judgment, there was error in that the trial court undertook to ascertain the amount of damages apparently without regard to the uncontradicted evidence of the original salesman called for the defendant that the plaintiff had told him that she bought the furniture for which she paid $989 on time payments, whereas the sale as made by the defendant was on the basis of cost plus commission and, as already stated, cash on delivery. There was also error in overruling a question put to the witness Szymanski, who made the second sale to the plaintiff, as to whether the furniture so sold to plaintiff was on a C. O. D. basis or a time basis. We think it may fairly be said to be common knowledge that the price of furniture bought on the installment plan is universally more than that bought for cash; and consequently it was essential to the plaintiff's proof for damages to show what the price would have been if on her second purchase she had bought for cash instead of on installments.

The judgment will therefore be reversed and the cause remanded to the District Court for a new trial.

As there was contradictory evidence with regard to the similarity of the furniture actually bought to that contracted to be delivered by the defendant, the new trial may as well be on the whole case.