HARPER *v.* FUTRELL.

4-6841                                   164 S. W. 2d 995

Opinion delivered October 19, 1942.

*J. S. McConnell* and *Jackson & Clement,* for appellant.

*George R. Steel* and *George E. Steel,* for appellee.

GREENHAW, J. Appellee, Dan Futrell, brought a replevin action against appellant, Ray Harper, in a justice court of Howard county, seeking to obtain possession of a 1939 model six-foot Frigidaire. No complaint was filed, the basis of the action being the affidavit executed by appellee stating, among other things, that he was the owner thereof and entitled to its immediate possession, and that same was in the possession of appellant. Upon trial in the justice court appellee was awarded the possession of the refrigerator.

An appeal was prosecuted to the circuit court. No written pleadings were filed in this case by either party, other than the affidavit. The jury in circuit court returned a verdict in favor of appellee for the possession of the refrigerator or its value in the sum of $75, upon which judgment was entered. Motion for new trial was filed and overruled, from which is this appeal.

Evidence adduced on behalf of appellee showed that he was the owner of the refrigerator and sold it to appellant on May 10, 1940, for the sum of $180.80, of which sum $30.80 covered the finance charges. A conditional sales contract was executed on that date whereby title was retained in appellee until the purchase price, including finance charges, was paid in full. Five dollars was paid on the purchase price on the date of the execution of the contract, and no further payments were ever made on the Frigidaire.

Appellant admitted purchasing the refrigerator from appellee, but denied executing the conditional sales contract, and testified that he purchased the refrigerator for the sum of $116 on March 23, 1940, executing a check for $25 at that time in part payment, and that thereafter he paid the balance due in full, including sales tax, in two separate payments.

Alfred Glasgow, an employee of appellee, testified that he saw appellant execute the conditional sales con-

tract and signed same as a witness. Expert testimony was offered to the effect that the signature on the conditional sales contract was not appellant's signature, and similar testimony was offered to the effect that it was his signature.

The conditional sales contract in question was introduced in evidence, showing the purchase price of the refrigerator was $150 and the finance charges amounted to $30.80. It further shows that a down payment of $5 was made, leaving a balance due of $175.80, to be paid at the rate of $5.86 per month.

The contract provided that "Title to said property shall not pass to the purchaser until said amount is fully paid in cash." It further provided that: "If the purchaser defaults in complying with the terms hereof, or the seller deems the above property in danger of misuse or confiscation, the seller or any sheriff or other officer of the law may take immediate possession of said property without demand. . . . The seller may resell said property so retaken at public or private sale without demand for performance. . . . upon such terms and in such manner as the seller may determine; . . . From the proceeds of any such sale the seller shall deduct all expenses for retaking, repairing and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser."

In his motion for a new trial appellant assigned a number of errors. He contends that the court erred in refusing to give his requested instruction No. 4, which reads as follows: "You are instructed that if you find from a preponderance or greater weight of the testimony that the defendant, Ray Harper, did in fact execute and deliver to plaintiff the contract in evidence, and you further find that the said contract bears a greater rate of interest, or charge for credit, than ten per centum per annum, the contract is void and your verdict should be for the defendant."

The court did not err in refusing to give this instruction. This court has held that finance charges in con-

nection with the sale of property under a conditional sales contract are not paid for a loan of money, but are a part of the purchase price which the purchaser agreed to pay, and that there is no usury in a transaction of this kind. See *Cheairs* v. *McDermott Motor Co.*, 175 Ark. 1126, 2 S. W. 2d 1111.

Appellant also assigns as reversible error the giving of instruction No. 1 over his general objection and exception. This instruction reads as follows: "You are instructed that if you find from a preponderance of the evidence that the defendant purchased the Frigidaire from the plaintiff and executed the purchaser's agreement therefor, and you further find that he has not paid plaintiff the purchase price, then your verdict will be for the plaintiff for the possession of the Frigidaire or its value."

The verdict of the jury reads as follows: "We, the jury, find for the plaintiff for the possession of the refrigerator or the sum of $75 as value thereof." The attorney for appellant immediately upon the return of this verdict and before the jury was discharged from consideration of the case objected to the verdict for the reason that it did not fix the balance due under the conditional sales contract, as required by the statute. The court overruled his objection, and an exception was saved.

The statute in question, § 11388 of Pope's Digest, reads as follows: "In any action in a justice court, or circuit court of this state, where it is attempted to foreclose any mortgage, deed of trust or to replevy, under such mortgage, deed of trust or other instrument, any personal property, the defendant or defendants in said action shall have the right to prove or show any payment or payments or set-off under such mortgage, deed of trust or other instrument, and judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten days and satisfy the judgment and retain the property."

This statute is applicable in a case of this kind. Under its provisions it was error to instruct the jury

that if they found for the plaintiff they would find for possession of the refrigerator or its value. The jury should have been instructed that if they found for the plaintiff for the possession of the refrigerator they should also find the balance due thereon, in which event appellant would have had the option of paying the balance due within ten days and retaining the refrigerator. Such an instruction was not given.

In the case of *Shaffstall* v. *Downey*, 87 Ark. 5, 112 S. W. 176, the jury returned the following verdict: "We, the jury, find in favor of the plaintiff a return of the property in question, to-wit: one bay mare or its value, $105, and we further find that the defendant is due the plaintiff $25." Judgment was there entered in accordance with the verdict. This court, in reversing that case, held that the lower court erred in the form of judgment entered; that the plaintiff was entitled to possession of the mare only for the purpose of foreclosing the mortgage, and that judgment should have been rendered for the possession of the property or the balance due on the mortgage, in accordance with the provisions of § 6869 of Kirby's Digest, now § 11388 of Pope's Digest. See, also, *Fore* v. *Chenault*, 168 Ark. 747, 271 S. W. 704.

Instruction No. 1, given on behalf of the plaintiff over the general objection and exception of defendant, was an incorrect statement of the law and was inherently wrong, under the facts in this case, and therefore the general objection to this instruction was sufficient. In the case of *Arkebauer* v. *Falcon Zinc Co.*, 178 Ark. 943, 12 S. W. 2d 916, this court said: "It is also contended by appellee that a general objection to this instruction is not sufficient. We do not agree with appellee in this contention. If an instruction is inherently wrong, an incorrect statement of the law, as instruction number one in this case is, a general objection is sufficient."

Appellee contends that he was not seeking to recover the property under the terms of the conditional sales contract, and that § 11388 is, therefore, not applicable. However, it is undisputed that appellee sold appellant this refrigerator, and that at the time of the sale all of

the purchase price was not paid. Appellee introduced in evidence the conditional sales contract retaining title in him, and his right to recover was predicated upon that contract. Under these facts it is clear that the conditional sales contract was the basis of appellee's cause of action, and, under § 11388 of Pope's Digest, appellant was entitled to have the jury instructed to find the balance due on the purchase price of the Frigidaire in the event they found appellee was entitled to recover.

Having reached the conclusion that the giving of plaintiff's instruction No. 1, and refusing to instruct the jury to find the balance due on the refrigerator in the event they found for plaintiff, constituted reversible error, we deem it unnecessary to discuss the other assignments of error relied on by appellant for a reversal of this case, as they are of such character that they no doubt will not arise upon a retrial.

The judgment is, therefore, reversed, and the cause remanded for a new trial.