MORLAND MORTGAGE COMPANY, A CORPORATION OF
THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v. MT. LEBANON CEMETERY ASSOCIATION, A COR-
PORATION OF THE STATE OF NEW JERSEY, ET AL.,
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 28, 1952—Decided February 14, 1952.

Before Judges Jacobs, Eastwood and Bigelow.

*Mr. Arthur S. Lane* argued the cause for the appellant (*Messrs. Minton, Dinsmore & Lane,* attorneys).

*Mr. Heston N. Potts* argued the cause for respondent The National Bank of New Jersey.

*Mr. William H. Corbin,* substituted sequestrator, *pro se.*

The opinion of the court was delivered

PER CURIAM. In June, 1947, a decree on foreclosure was entered in the above-entitled matter adjudging that there was due to the complainant Morland Mortgage Company on its first mortgage the sum of $153,057.07 as of August 19, 1946, together with interest at the rate of six per cent from August 19, 1946, and that William F. Burke, sequestrator *pendente*

*lite* bc continued as sequestrator for the defendants cemetery associations to sequestor the assets and revenues thereof and to hold the same under direction of the court for the benefit of the first and subsequent mortgages "in the amounts and order and priority of payment" as therein provided. In September, 1947, the sequestrator was ordered. to pay from the funds in his hands the sum of $15,000 on account of the amount due the complainant under its decree. That sum was duly paid and was applied first towards the interest due and the balance towards reduction of the principal.

In June, 1951, the substituted sequestrator was making distribution of funds, including $28,750 received from the State of New Jersey for certain lands, and sought instructions as to whether payments to Morland Mortgage Company should be applied to interest or principal. By its judgment dated July 20, 1951, the lower court ordered the substituted sequestrator to pay $20,000 to the Morland Mortgage Company and that $4,502.26 thereof be applied towards interest and $15,497.74 be applied towards principal. The Morland Mortgage Company has duly appealed contending that the $20,000 payment should in its entirety be applied towards payment of the interest then due under the June, 1947, decree. The respondents have not questioned that decree or the provision therein that the Morland Mortgage Company be paid $153,057.07 and interest from August 19, 1946. They contend, however, that under general equitable principles and the specific provisions of *R. S.* 8:2–29 the lower court had discretionary authority· to direct that the payment be applied partially towards principal even while interest remained outstanding and that in the instant matter it properly exercised such authority.

 *R. S.* 8:2–29 provides that the rents, issues, profits, income and revenues derived from lands of any cemetery association may be sequestered by the court and applied to the payment of any judgment against the association; it further provides that the court "may appoint a receiver of such rents, issues, profits, income and revenues, and make

such order regarding the same as may be just and equitable." Although the general rule is that a payment will be applied by the court first towards interest and then towards principal (*Collerd v. Tully*, 77 *N. J. Eq.* 439, 451 (*Ch.* 1910), affirmed 78 *N. J. Eq.* 557 (*E. & A.* 1911); *Baker v. Baker*, 28 *N. J. L.* 13 (*Sup. Ct.* 1913)) we consider that the court may properly depart therefrom under *R. S.* 8 :2–29 upon a showing that it would be just and equitable to do so. Indeed, even without express statutory authority the court may, in the interests of justice, exercise broad powers when dealing with the matter of interest accruing on a lien on property in the hands of its receiver. *Cf. Hoover Steel Ball Company v. Schaefer Ball Bearing Company*, 90 *N. J. Eq.* 515, 517 (*Ch.* 1919); *Agnew Co. v. Paterson Board of Education*, 83 *N. J. Eq.* 49, 67 (*Ch.* 1914), affirmed 83 *N. J. Eq.* 336 (*E. & A.* 1914); *Vanston Bondholders Protect. Com. v. Green*, 329 *U. S.* 156, 165, 91 *L. Ed.* 162, 167 (1946).

The respondents, while not asserting any objection to the accrual of the full interest claimed (*Ticonic Bank v. Sprague*, 303 *U. S.* 406, 82 *L. Ed.* 926 (1938)), contend that particular circumstances presented to the lower court made it "just and equitable" that it apply part of the payment towards principal while interest remained due. Unfortunately, however, the lower court did not render any opinion and no facts are presented in the appendices before us (*Rule* 1 :3–1) which support a departure from the general rule that a partial payment to a mortgagee should be applied first towards interest. *Collerd v. Tully, supra; Baker v. Baker, supra. Cf. State v. Erie Railroad Co.*, 23 *N. J. Misc.* 203, 210 (*Sup. Ct.* 1945). It may well be that there are such facts and that there are adequate equitable considerations supporting the lower court's determination; however, they should be formally embodied in the record and expressed in an appropriate opinion by the lower court. *Cf. Rule* 3 :52–1.

The judgment appealed from is reversed and the cause is remanded for further proceedings in accordance with this opinion.