THE COURT.
 

 This is an action in “claim and delivery,’’ in which it is alleged that both defendants detain from the possession of the plaintiff a $500 sapphire ring belonging to him. Plaintiff appeals from a judgment that denied him any relief as to defendant Sidney Fisher and which limited his relief as to defendant Jean Heiniger to the recovery of possession of the ring or, in case possession could not be had, to its value “which is fixed at $93.89.” We have determined that the judgment should be reversed as to defendant Sidney Fisher, but that it should be affirmed as to defendant Jean Heiniger.
 

 Certain principles should be in mind as we undertake to review the record in this case. These words from
 
 Riciotto
 
 v.
 
 Clement
 
 (1892), 94 Cal. 105, 107 [29 P. 414], are quoted in
 
 Richards
 
 v.
 
 Morey
 
 (1901), 133 Cal. 437, 439-440 [65 P. 886]: “. . . the relief sought in claim and delivery cannot be had from the defendant, unless he is
 
 then
 
 possessed of the property, which fact must therefore constitute an essential element in plaintiff’s cause of action.” Again, we read; “It is well settled that to sustain an action for the recovery of specific personal property the plaintiff must have the right to immediate and exclusive possession of such property at the time of the commencement of the action (5 Cal.Jur. p. 161;
 
 Fredericks
 
 v. Tracy, 98 Cal. 658 [33 P. 750]); furthermore that an action to recover possession of personal property will not lie unless at the time the action is commenced defendant has the possession of the property or the power to deliver it in satisfaction of a judgment for its possession . . .”
 
 (Ramacciotti
 
 v.
 
 Galiano
 
 (1943), 59 Cal.App.2d 8, 11-12 [137 P.2d 722, 723].) One or both of these principles are
 
 *Supp. 900
 
 recognized in the following cases:
 
 Home Payment Jewelry Co.
 
 v.
 
 Smith
 
 (1914), 24 Cal.App. 486, 488 [141 P. 933];
 
 California Packing Corp.
 
 v.
 
 Stone
 
 (1923), 64 Cal.App. 488, 492-493 [222 P. 193];
 
 Paganucci
 
 v.
 
 Kalpouzos
 
 (1947), 78 Cal.App.2d 714, 719 [178 P.2d 62, 64];
 
 Stockton Morris Plan
 
 v.
 
 Mariposa County
 
 (1950), 99 Cal.App.2d 210, 213 [221 P.2d 232, 235]. An exception to the rule, that a cause of action in “claim and delivery” (replevin) does not exist against one who does not have possession at the commencement of the action, is made in those eases (detinue) where possession had been in the defendant but was wrongfully given to another.
 
 (Faulkner
 
 v.
 
 First Nat. Bank
 
 (1900), 130 Cal. 258, 264-266 [62 P. 463];
 
 Teter
 
 v.
 
 Thompson
 
 (1922) 57 Cal.App. 329, 331-332 [207 P. 260].)
 

 Case Against Dependant Sidney Fisher
 

 The evidence and findings are agreed that the ring plaintiff seeks was sold by his assignor to defendant Jean Heiniger under a conditional sales contract sometime in 1951. At the time of the sale, Jean notified the seller that the ring was for Sidney Fisher, and the seller noted on the contract of sale of the “gents star sapphire, that Sidney Fischer (sie) was to be the ‘Hdr’ of the ring.” He continued to hold it, according to his testimony, until “five or six months” before the trial (which was held June 22, 1954), at which time he quarreled with Jean, who had become his wife, because she had bought the ring on time, took it off, misplaced it, and, at the time of the trial, did not know where it was.
 

 Jean made payments on the ring until only a balance of $97.38 was due; at the time of trial it was “long since due.” Plaintiff was entitled to its possession, under the conditional sales contract. Of necessity, before an action in claim and delivery (replevin) could be brought against Sidney Fisher, demand for the possession of the ring had to be made upon him.
 
 (Home Payment Jewelry Co.
 
 v.
 
 Smith, supra,
 
 24 Cal.App. 486, 488 [141 P. 933].) In spite of the evidence that demand was made by letter early in November, 1953 and by a telegram later in the month, supplemented by a stipulation that the demands had been made, the trial court found “that no demand for the return of said personal property was made upon the said Sidney Fisher.” A finding should not be made contrary to a stipulation, and if made must be disregarded.
 
 (Wilson
 
 v.
 
 Mattei
 
 (1927), 84 Cal.App. 567, 572-575 [258 P. 453].) With respect to defendant
 
 *Supp. 901
 
 Fisher’s possession of the ring, the only finding is “that said Sidney Fisher does not now have possession of said personal property.” If by the nse of “now” the trial court meant any time later than the commencement of the action (February 8, 1954), the finding is immaterial and without support in the evidence. If the finding is to be construed as referring to the commencement of the action, then it lacks evidentiary support. Clearly possession was in defendant Fisher from late 1951 to a time near the filing of the complaint, and the evidence as to the events following the quarrel furnishes no basis for the conclusion that the ring ever left his possession. We see no reason why judgment should not have been rendered in plaintiff’s favor as to defendant Fisher.
 

 Action as to Defendant Jean Heiniger
 

 Defendant Jean Heiniger made no appearance, and her default was entered. She was called as a witness on behalf of the plaintiff and her testimony (ruled, properly, to be binding only on her) was to the effect that she had given the ring to defendant Sidney Fisher, her husband at the time of the trial. There was no evidence contradicting her testimony that she had parted with the possession of the ring long before the action was commenced. Whether significant or not, in view of her default, the fact is that no finding was made that she possessed the ring at the commencement of the action. The judgment that plaintiff recover the possession of the ring from the defendant Jean Heiniger was therefore improper, as measured by the evidence given by the defendant “to prove up on her default.”
 

 However, the defendant Jean has not appealed, and on plaintiff’s appeal this part of the judgment favorable to him may not be changed unless we reverse the whole judgment (as to Jean) because the amount allowed as an alternative recovery (if possession may not be had) is too small; $93.89 for a $500 ring. Two paths that lead to the same destination, an affirmance, lie before us. We have not chosen between them, although both may not be taken.
 

 The first solution that has been offered to our problem is to say that the plaintiff may not contend that he has not been awarded a proper sum in the alternative, because an alternative judgment is only proper where possession is awarded, and plaintiff proved that he was not entitled to a judgment awarding him possession, as against defendant Jean. If this
 
 *Supp. 902
 
 answer may not be given because the judgment awarding possession has not been, and on this appeal may not be, challenged (see
 
 MacDonald
 
 v.
 
 Pacific Nat. Bank
 
 (1944), 66 Cal.App.2d 357, 363 [152 P.2d 360, 363]), then the propriety of the award of $93.89 as the alternative judgment remains.
 

 The general rule undoubtedly is that where a vendee defaults under a conditional sales contract, the vendor is entitled to recover the property or, in the alternative, its value without any deduction for the amount theretofore paid upon the contract price by the vendee.
 
 (Markall
 
 v.
 
 Peterson
 
 (1943), 59 Cal.App.2d 248, 252 [139 P.2d 70]; 78 C.J.S. p. 395.) This rule has been changed in some states by statute
 
 (Harper
 
 v.
 
 Futrell
 
 (1942), 204 Ark. 822 [164 S.W.2d 995, 143 A.L.R. 235, 237]) whereby the amount of the alternative judgment is limited to the unpaid balance due upon the contract, together with interest thereon. No such statute, however, has been enacted in California, and under the authority of
 
 Markall
 
 v.
 
 Peterson, supra,
 
 we would be constrained to agree with plaintiff’s contention, unless a different result is required by the decision in
 
 Freedman
 
 v.
 
 Rector, W. & V. of St. Matthias Parish
 
 (1951), 37 Cal.2d 16 [230 P.2d 629, 31 A.L.R.2d 1], wherein it was held that a defaulting vendee under a contract for the purchase of realty was entitled to recover from the vendor so much of the money paid by him on account of the purchase price as exceeded the damage, if any, sustained by the vendor—measured by the value of the property when repossessed by the vendor. This conclusion proceeds upon the reasoning that to permit the vendor to retain both the land and the amount paid upon account of the purchase price by the vendee under the circumstances would result in unjust enrichment—permitting, in effect, “punitive damages merely because a party has partially performed his contract before his breach” in violation of the spirit, if not the letter, of Civil Code, sections 1670, 1671 and 3294. (See the discussion at pp. 21-23.)
 

 We cannot escape the conclusion that the reasoning of that case is applicable here as to the defendant Jean. In the light of the allegation and proof adduced by the plaintiff that the ring is of the value of $500, to permit the plaintiff to recover the full value of the ring while retaining the amount previously paid on account of the purchase price thereof would result, in effect, in awarding plaintiff punitive or liquidated damages in the sum of the aggregate payments made on account thereof by defendant Jean, or $420.69.
 

 
 *Supp. 903
 
 It should perhaps be noted that the affirmance of the judgment as to Jean does not operate to prejudice plaintiff’s pursuit of his remedy against Sidney, for plaintiff is not obligated under the judgment against Jean, to accept the amount of the alternative award in lieu of the delivery of the ring. The alternative provision is for the benefit of the party prevailing in an action of claim and delivery, and does not give the other party the option of delivering the property or the amount of the alternative award.
 
 (Griffith
 
 v.
 
 Reddick
 
 (1919), 41 Cal.App. 458, 461-462 [182 P. 984];
 
 Peterson
 
 v.
 
 First Nat. Bank
 
 (1929), 101 Cal.App. 532, 540 [281 P. 1104].)
 

 Unless plaintiff elects to accept payment of the alternative amount awarded against Jean in lieu of the property (see
 
 Johnson
 
 v.
 
 Durnell
 
 (1939), 98 Utah 487 [93 P.2d 914, 917]), he may proceed to retry the case as against defendant Sidney, and if he is successful in securing a judgment against him for the redelivery of the ring upon a finding that it was in his possession upon the date of the filing of the action, he will not be precluded from then urging his contention that the alternative award as against him should be in the amount of the value of the ring, as may be established by the evidence, rather than the balance due upon the contract of purchase— a question which we do not now undertake to decide.
 

 The judgment as to defendant Sidney Fisher is reversed; as to the defendant Jean Heiniger, it is affirmed; plaintiff to recover his costs as to Sidney Fisher.